Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiff Heather Blanchard, as guardian ad litem for minor child
I.C.W., successor-in-interest to Joseph Alan Wear

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BLANCHARD, as guardian ad litem for her minor child I.C.W., successor-in-interest to JOSEPH ALAN WEAR,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES, and DOES 1 through 10, INCLUSIVE,<br><br>　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW [42 U.S.C. § 1983]; CLAIM FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4)[1], CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4)[2]; CLAIM FOR INTERFERENCE / DEPRIVATION OF PARENT - CHILD RELATIONSHIP (U.S. CONST. AMEND 14);  CLAIM FOR WRONGFUL DEATH (CIV. PROC. CODE § 377.60); VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1); BATTERY, ASSAULT, FALSE |

---

[1] Via Cal. Civ. Proc. Code § 377.30.
[2] Via Cal. Civ. Proc. Code § 377.30.

COMPLAINT FOR DAMAGES

ARREST / FALSE IMPRISONMENT, NEGLIGENCE

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff HEATHER BLANCHARD as guardian ad litem for her minor child I.C.W., successor-in-interest to his father, Joseph Alan Wear, and shows this honorable court the following:

<u>JURISDICTIONAL ALLEGATIONS</u>

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiff HEATHER BLANCHARD, as guardian ad litem for her minor child I.C.W., successor-in-interest to plaintiff's decedent Joseph Alan Wear, timely filed her / I.C.W.'s Claim For Damages against the County of Los Angeles on May 1, 2019, June 5, 2019 and June 6, 2019, pursuant to the

COMPLAINT FOR DAMAGES
2

California Government Claims Act[3], Cal. Gov't. Code § 900 et seq., and said claim has been denied by defendant County of Los Angeles on or about June 17, 2019, less than six months prior to the filing of this instant action.

## GENERAL ALLEGATIONS

5.     Plaintiff Heather Blanchard, hereinafter referred to as "HEATHER BLANCHARD" and/or "plaintiff" and/or "Heather Blanchard" is a natural person, who, at all times complained of in this action, resided in the State of California. Plaintiff Heather Blanchard was the former girlfriend of plaintiff's decedent, Joseph Alan Wear, and is the legal and natural mother of minor child I.C.W., who is the son of plaintiff's decedent, Joseph Alan Wear, and said minor child is his successor-in-interest in this action, pursuant to Cal. Civ. Proc. Code § 337.30 and otherwise pursuant to the California Probate Code.

6.     Plaintiff's decedent, Joseph Alan Wear, was at all times complained of in this action, a resident of the State of California. Joseph Alan Wear died intestate on December 7, 2018 at Harbor-UCLA Medical Center in Torrance, California.

7.     Defendant County of Los Angeles, hereinafter also referred to as "County of Los Angeles" or "COUNTY", is a political subdivision of the State of California, and is a municipal entity that is located within the territorial jurisdiction of this Honorable Court.

8.     Defendants DOES 1 through 6, inclusive, are sworn peace officers, and/or police officers, and/or deputy sheriffs, and/or supervisors, and/or investigators, and/or Special Officers and/or a dispatchers and/or some other

---

[3] Enacted as the "California Tort Claims Act" in 1963, and thereafter changed by judicial fiat to the "California Government Claims Act", when the Act was interpreted to include claims *ex contractu* in addition to claims *ex delicto*.

COMPLAINT FOR DAMAGES

3

public officer, public official or employee of defendant County of Los Angeles, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as police officers and/or sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, and/or some other public officer / employee, employed by defendant County of Los Angeles, and were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

10.    Defendants DOES 7 and 8, inclusive, are sworn peace officers and/or United States Postal Inspectors and/or United States Postal Police Officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of the United States Postal Service and/or otherwise for the United States of America, who in some substantial way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

11.    At all times complained of herein, DOES 7 and 8, inclusive, were acting as individual persons acting under the color of federal law, pursuant to their authority as sworn peace officers and/or postal inspectors and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.)

COMPLAINT FOR DAMAGES

and/or dispatchers, employed by the United States Postal Service, and were acting in the course of and within the scope of their employment with the United States Postal Service.

12.     Defendants DOES 9 and 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Los Angeles for: 1) for wrongfully killing persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by County of Los Angeles personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

COMPLAINT FOR DAMAGES

13.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

14.     At all times complained of herein, DOES 9 and 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Deputy Sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Los Angeles, and/or some other public official(s) with County of Los Angeles, and were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

15.     At all times complained of herein, defendants DOES 9 and 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Los Angeles.

16.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Los Angeles and United States Postal Service, for, inter alia: 1) for wrongfully killing persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from

COMPLAINT FOR DAMAGES

civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by County of Los Angeles and United States Postal Service personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

17.     In addition to the above and foregoing, defendants DOES 1 through 8, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff / minor child I.C.W. of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff I.C.W. of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff I.C.W. federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**USE OF UNREASONABLE FORCE ON PERSON UNDER**
**FOURTH AMENDMENT[4]**
**[42 U.S.C. § 1983]**
**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30)**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for her**
**minor child I.C.W., Successor-in-Interest to Plaintiffs' Decedent Joseph Alan**
**Wear, Against All Defendants)**

19.     Plaintiffs hereby re-allege and incorporate by reference the

_____

[4] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES

7

allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.     On the afternoon of December 7, 2018, plaintiffs' decedent, Joseph Alan Wear, entered the United States Post Office located at 7101 South Central Avenue in Los Angeles, California.

21.     Plaintiff is informed and believes and thereon alleges that plaintiff's decedent, Joseph Alan Wear was carrying his skateboard, and gave a postal clerk a taser and a can of pepper spray, and said something to the effect of: *"Help, they're after me. I need help. Can I use the phone?"*

22.     Plaintiff's decedent, Joseph Alan Wear, was apparently delusional and in an agitated state of mind, and ran out of the Post Office, followed by U.S. Postal Service Inspectors / Police Officers, DOES 7 and 8.

23.     Plaintiffs decedent ran around the area near / at the Post Office, climbed a tree (literally), and jumped out of the same, ran across streets and engaging pedestrian traffic.

24.     Plaintiff's decedent was in need of obvious need medical intervention and attention.

25.     One or more civilians and one or more Postal Service Inspectors / Post Office Police Officers / Post Office Security Officers (DOES 7 and 8) were in the process of restraining plaintiff's decedent, Joseph Alan Wear, when a presently unidentified LASD deputy sheriff(s), DOES 1 through 6, inclusive, was/were also driving by the scene of the subject incident.

26.     Plaintiff is informed and believes that LASD deputy sheriffs DOES 1 through 6, inclusive, and United States Postal Service postal inspectors / Police Officers / Post Office Security Officers DOES 7 and 8, inclusive, failed to exercise ordinary care when restraining plaintiff's decedent, Joseph Alan Wear, and used unreasonable and excessive force upon him, including lethal restraints that resulted in his death.

COMPLAINT FOR DAMAGES

27.     The actions of LASD deputy sheriffs DOES 1 through 6, inclusive, and United States Postal Service postal inspectors / police officers DOES 7 and 8, inclusive, caused the plaintiff's decedent, Joseph Alan Wear, to suffer and sustain a cardiac arrest, resulting in his death.

28.     Thereafter, plaintiff's decedent, Joseph Alan Wear, was taken by City of Los Angeles paramedics to Harbor-UCLA Medical Center in the City of Torrance, California, where he was pronounced dead at approximately 3:22 p.m.

29.     Said deadly restraint of plaintiffs' decedent Joseph Alan Wear by said DOE defendants, above-referenced, also caused Joseph Alan Wear to suffer severe physical injury, and severe mental, emotional and physical pre-death distress, pain and suffering; in an amount to be proven at trial, in excess of $10,000,000.00.

30.     Said deadly restraint of and excessive use of force upon Joseph Alan Wear by said DOE defendants, above-referenced, was done by said defendant deputy sheriffs and postal inspectors / police officers, without reasonable cause to believe that Joseph Alan Wear was either armed or dangerous, and without probable cause to believe that he committed a crime.

31.     Accordingly, said deadly restraint of and excessive use of force upon Joseph Alan Wear was done in violation of his right to be free from the use of unreasonable force upon his person under the Fourth Amendment to the United States Constitution.

32.     Said deadly restraint of and excessive use of force upon Joseph Alan Wear and death of Joseph Alan Wear by said DOE defendants, above-referenced, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, plaintiff HEATHER BLANCHARD, as guardian ad litem for his minor child I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan

COMPLAINT FOR DAMAGES

Wear's property, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

33.     Said deadly restraint of and excessive use of force upon Joseph Alan Wear by said DOE defendants, above-referenced, was done maliciously and in reckless disregard of Joseph Alan Wear's constitutional rights; sufficient for an award of punitive damages against said DOE defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

<u>SECOND CAUSE OF ACTION</u>
**UNREASONABLE SEIZURE OF PERSON UNDER
FOURTH AMENDMENT[5]
[42 U.S.C. § 1983]
(FEDERAL SURVIVALSHIP CLAIM
VIA CAL. CIV. PROC. CODE § 377.30)
(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the
minor child I.C.W., Successor-in-interest to Plaintiff's Decedent Joseph Alan
Wear, Against All Defendants)**

34.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as though set forth in full herein.

35.     As shown above, plaintiff HEATHER BLANCHARD is the legal and natural mother of her minor son, I.C.W., and is also the guardian ad litem for minor child I.C.W., who is the natural and legal son of, and the successor-in-interest to, plaintiff's decedent, Joseph Alan Wear, who died unmarried and intestate, and without any issue other than I.C.W.

36.     As shown above, said DOE defendants, killed plaintiff's decedent Joseph Alan Wear on December 7, 2018.

_____

[5] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES
10

37.     Also as shown above, said defendants detained plaintiff's decedent Joseph Alan Wear in the absence of reasonable suspicion of criminal conduct by him, and otherwise seized him in an unreasonable manner by restraining him, causing cardiac arrest and killing him.

38.     Accordingly, the defendants' seizure of Joseph Alan Wear was an unlawful and unreasonable seizure of him under the Fourth Amendment to the United States Constitution.

39.     Said unreasonable seizure of Joseph Alan Wear by said DOE defendants, above-referenced, also caused plaintiff's decedent Joseph Alan Wear and his son, minor child I.C.W., plaintiff and successor-in-interest, to suffer substantial general damages such as severe mental and emotional distress, pain and suffering, severe physical injuries, and special damages, including but not limited to, lost wages / profits and other income that Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

40.     Said unreasonable seizure of Joseph Alan Wear by said DOE defendants, above-referenced, was done maliciously and in reckless disregard of Joseph Alan Wear's constitutional rights; sufficient for an award of punitive damages against said DOE defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

## THIRD CAUSE OF ACTION
## LOSS OF PARENT- CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER FOURTEENTH AMENDMENT[6]
## [42 U.S.C. § 1983]

---

[6] U.S. Const. Amend. 14.

COMPLAINT FOR DAMAGES

11

**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for her minor child I.C.W., Against All Defendants)**

41.    Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as though set forth in full herein.

42.    The unlawful killing of plaintiff's deceased, Joseph Alan Wear, by DOES 1 through 8, inclusive, deprived his plaintiff minor son, I.C.W. and son of plaintiffs' decedent of his Parent – Child Relationship with his father Joseph Alan Wear, guaranteed to him under the Fourteenth Amendment to the United States Constitution.

43.    As shown above, plaintiff HEATHER BLANCHARD, as guardian ad litem for the minor child I.C.W., is the successor-in-interest to plaintiff's decedent, Joseph Alan Wear.

45.    The use of unreasonable force upon Joseph Alan Wear that resulted in the un4awful killing of him by DOES 1 through 8, inclusive, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Joseph Alan Wear's life and to said Child – Parent Relationship, and constituted outrageous behavior that is shocking to the conscience.

46.    The unlawful killing of plaintiff's deceased, Joseph Alan Wear, by DOES 1 through 8, inclusive, above-referenced, also caused plaintiff / minor child I.C.W. to suffer the loss of his father Joseph Alan Wear's society, solace and comfort, companionship, as well as caused him to suffer great mental, emotional and distress, pain and suffering in an amount to be shown at trial, in excess of $10,000,000.00.

47.    The unlawful killing of Joseph Alan Wear by DOES 1 through 8, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive damages

against said defendants (save COUNTY); all in an amount to be shown at trial, in excess of $10,000,000.00.

## FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 / MONELL[7] LIABILITY
**Claim Against Local Governing Body Defendants Based On Failure To Train (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., individually and as Successor-in-interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants COUNTY, DOES 1 through 6, 9 and 10, inclusive)**

48.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49.     As shown above, when defendants DOES 1 through 6, 9 and 10, inclusive, deprived Joseph Alan Wear of his particular rights under the United States Constitution, they were acting under the color of state law.

50.     The injury and death of Joseph Alan Wear arose under the circumstances which constitute a usual and recurring situation with which said deputy sheriffs must deal, and the training policies of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, were not adequate to train their deputy sheriffs and other sworn peace officer / public officer personnel to handle these usual and recurring situations, to wit; defendant COUNTY and DOES 1 through 6, 9 and 10 inclusive, failed to properly train its deputy sheriffs and other sworn peace officer / public officer personnel to not to: 1) restrain persons in an unsafe manner, thereby putting an arrestee in a dangerous situation causing cardiac arrest and creating the risk of unnecessary death; 2) unlawfully kill persons; 3) use excessive / unreasonable force on persons; 4) unlawfully seize persons; 5) unlawfully search persons; 6) falsely arrest and falsely imprison persons; 7)

_____

[7] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

COMPLAINT FOR DAMAGES

unlawfully seizing private property; 8) eject persons from their private residences; 6) unlawfully search and damage private residences; 9) interfere with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 10) interfere with persons' rights to remain in their private residences; 11) cover-up unlawful and tortious conduct by the Los Angeles County Sheriff's Department personnel, and 12) perform unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action, because of such failure to so properly train said defendants and their other personnel.

51.    Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their deputy sheriffs and other sworn peace officer / public officer personnel adequately; and;

52.    The failure of defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, to provide such adequate training caused the deprivation of plaintiff's rights by the defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive; that is, the defendants' failure to train was so closely related to the deprivation of plaintiff' rights as to be the moving force that caused the ultimate injury.

53.    The Los Angeles County Sheriff's Department's failure to train their deputy sheriffs not to restrain arrestees in an unsafe manner thereby putting arrestees in a dangerous position causing cardiac arrest and creating the risk of unnecessary death demonstrates a deliberate indifference to the constitutional rights of its citizens.

54.    As a direct and proximate result of the actions of defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest,

COMPLAINT FOR DAMAGES

the minor child plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983 / MONELL[8] LIABILITY**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the**
**minor child I.C.W., individually, and as Successor-in-interest to Plaintiff's**
**Decedent Joseph Alan Wear, Against Defendants COUNTY and DOES 1**
**through 6, 9 and 10, inclusive)**

55.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 54, inclusive, above, as if set forth in full herein.

56.   As shown above, the actions of defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, deprived the plaintiff's decedent Joseph Alan Wear of his particular rights under the United States Constitution and under the California Constitution, as described above.

57.   At all times complained of herein, defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles County Sheriff's Department: 1) for restraining persons with deadly restraint, thereby putting an arrestee in a dangerous position of suffering a cardiac arrest, creating the risk of unnecessary death; 2) for unlawfully killing persons; 3) for using excessive / unreasonable

---

[8] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

COMPLAINT FOR DAMAGES

15

force on persons; 4) for unlawfully seizing persons; 5) for unlawfully searching persons; 6) for falsely arresting and falsely imprisoning persons; 7) for unlawfully seizing private property and for ejecting persons from private residences; 8) for unlawful searching  private residences; 9) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 10) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 11) for interfering with persons' rights to remain in their private residences; 12) for covering-up unlawful and tortious conduct by the Los Angeles County Sheriff's Department personnel, and 13) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

58.     Said actions of said defendants were done by them under the color of state law.

59.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, above-described, defendants committed said actions complained of above.

60.     As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, plaintiff minor child I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear,

COMPLAINT FOR DAMAGES

funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

<u>SIXTH CAUSE OF ACTION</u>
**Wrongful Death[9]**
**[Direct Liability Action]**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., individually, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)**

61.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.     As shown above, plaintiff minor child I.C.W., is the heir of the plaintiff's decedent, Joseph Alan Wear, and is entitled to inherit from Joseph Alan Wear via Intestate Succession under California state law.

63.     Also as shown above, said Los Angeles County Sheriff's Department deputy sheriffs (defendants DOES 1 through 6, 9 and 10, inclusive) negligently, wrongfully, unlawfully and unjustifiably killed Joseph Alan Wear, or otherwise proximately caused his death. Therefore, said defendant COUNTY is liable to the minor plaintiff I.C.W. for the wrongful death of Joseph Alan Wear pursuant to Cal. Civ. Proc. Code § 377.30.

64.     As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, the minor plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral

---

[9] Based on California state law; Cal. Civ. Proc. Code § 377.60 *et seq.*

COMPLAINT FOR DAMAGES

and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

65.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

## SEVENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., Successor-In-Interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)

66.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67.     As shown above, defendants DOES 1 through 6, 9 and 10, inclusive, used the threat of force and actual use of force and violence against the plaintiffs' decedent Joseph Alan Wear, to stop him from verbally protesting their actions and to chill him from doing so in the future, that were being perpetrated against him.

68.     Also as shown above, said defendants used unreasonable force and violence against the plaintiff's decedent Joseph Alan Wear because of his protests of their actions perpetrated against him.

69.     The actions of defendant deputy sheriffs DOES 1 through 6, 9 and 10, inclusive, above-described, were done in retaliation for plaintiff's decedent Joseph Alan Wear's exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and

COMPLAINT FOR DAMAGES
18

prevent further verbal protests and complaints by the plaintiff's decedent Joseph Alan Wear to said defendant deputy sheriffs about their mistreatment of the plaintiff's decedent Joseph Alan Wear, as well as plaintiff's decedent Joseph Alan Wear exercising their Fourth Amendment right to be secure in his person and his property.

70.     Said actions by said defendants constitute the use of actual force and violence, and the threatened use of force and violence against the plaintiff's decedent Joseph Alan Wear for his exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by the plaintiff's decedent Joseph Alan Wear to said defendant deputy sheriffs about their mistreatment of the plaintiff's decedent Joseph Alan Wear, as well as exercising his Fourth Amendment right to be secure in his person and their property.

71.     Moreover, as shown above, said defendant deputy sheriffs falsely arrested and falsely imprisoned plaintiff's decedent Joseph Alan Wear, using actual force and violence against the plaintiff's decedent Joseph Alan Wear, as well as threats of same.

72.     Said defendant deputy sheriffs, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff's decedent Joseph Alan Wear of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

73.     Said defendants DOES 1 through 6, 9 and 10 are liable to plaintiff's decedent Joseph Alan Wear, the minor plaintiff I.C.W. as successor-in-interest, for said violations of their constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

74.     As a direct and proximate result of the actions of defendant

COMPLAINT FOR DAMAGES

19

COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, the minor plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

75.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

76.     In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

### EIGHTH CAUSE OF ACTION
**False Arrest / False Imprisonment
Under California State Law
(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., Successor-in-interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)**

77.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.     As complained of above, plaintiffs' decedent Joseph Alan Wear, was

COMPLAINT FOR DAMAGES

20

unlawfully seized and arrested by defendants DOES 1 through 10, inclusive, on December 23, 2016.

79.     As complained of above, said defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, had neither reasonable suspicion of criminality afoot about the plaintiff's decedent Joseph Alan Wear, nor probable cause to believe that the plaintiff's decedent Joseph Alan Wear had committed a crime.

80.     Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, are liable to plaintiffs for their false arrests / false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

81.     As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, the minor plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

82.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

## NINTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., Successor-In-Interest to Plaintiff's Decedent Joseph Alan

COMPLAINT FOR DAMAGES

21

**Wear, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)**

83.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as if set forth in full herein.

84.     The actions committed by COUNTY and DOES 1 through 6, 9 and 10, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff's decedent Joseph Alan Wear, and constituted a battery of him by COUNTY and DOES 1 through 6, 9 and 10, inclusive, under California state law.

85.     Defendants COUNTY and DOES 1 through 6, 9 and 10, and each of them, are liable to the plaintiff's decedent Joseph Alan Wear for said batteries of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

86.     As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, the minor plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

87.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of

$10,000,000.00.

## TENTH CAUSE OF ACTION
### Assault
### Under California State Law
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., Successor-in-interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)**

88.   Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 87, inclusive, above, as if set forth in full herein.

89.   The actions committed by COUNTY and DOES 1 through 6, 9 and 10, inclusive, above-described, constituted an assault of plaintiff's decedent Joseph Alan Wear under California state law, as said plaintiffs were unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive.

90.   Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive, and each of them, are liable to under California state law for said assaults of plaintiff, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

91.   As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, the minor plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of

COMPLAINT FOR DAMAGES

$10,000,000.00.

92.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

### ELEVENTH CAUSE OF ACTION
### Negligence[10]
### (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., Successor-in-interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)

93.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 92, inclusive, above, as if set forth in full herein.

94.    Said Los Angeles County Sheriff's Department deputy sheriffs (defendants DOES 1 through 6, 9 and 10, inclusive) owed the plaintiff's decedent Joseph Alan Wear a duty to use due care regarding the safety and well-being of his person.

95.    As shown above, said Los Angeles County Sheriff's Department deputy sheriffs (defendants DOES 1 through 6, 9 and 10, inclusive) breached their duty of care to the plaintiff's decedent Joseph Alan Wear when they restrained him with deadly restraint, causing him to suffer cardiac arrest, causing fatal injuries to plaintiff's decedent Joseph Alan Wear.

96.  As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor-in-interest, the minor

_____

[10] Based on California state law.

COMPLAINT FOR DAMAGES

24

plaintiff I.C.W., to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

97.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)     For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00;

b)     For a judgment against all defendants for punitive damages in an amount in excess of $10,000,000.00;

c)     For an award of reasonable attorney's fees and costs;

d)     For a trial by jury; and

e)     For such other and further relief as this honorable court deems just and equitable.

Dated: December 16, 2019

JERRY L. STEERING
Attorney for plaintiff
HEATHER BLANCHARD, as guardian
ad litem to I.C.W., a minor and successor-
in-interest to plaintiff's decedent, Joseph
Alan Wear

COMPLAINT FOR DAMAGES
25