Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiff Heather Blanchard, as guardian ad litem for minor child
I.C.W., successor in interest to Joseph Alan Wear

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BLANCHARD, as guardian ad litem for minor child I.C.W., successor in interest to Joseph Alan Wear,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, ADRIAN DE CASAS, JONATHAN PAWLUK, CESAR GUERRERO JAVIER ECHEVARRIA, JOSEPH PAVON, F. TALABI and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 8:19-CV-02438-JVS-DFM<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM  FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4)[1], CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4) [2]; CLAIM FOR INTERFERENCE / DEPRIVATION OF PARENT  - CHILD RELATIONSHIP (U.S. CONST. AMEND  9 and14);  CLAIM FOR DEPRIVATION OF LIFE (U.S. CONST. AMEND 9 and 14); CLAIM AGAINST LOCAL GOVERNING BODY FOR FAILURE TO TRAIN; CLAIM AGAINST OFFICIAL |

---

[1] Via Cal. Civ. Proc. Code § 377.30.
[2] Via Cal. Civ. Proc. Code § 377.30.

FIRST AMENDED COMPLAINT FOR DAMAGES

1

POLICY, PRACTICE OR CUSTOM; CALIFORNIA STATE LAW CLAIMS FOR WRONGFUL DEATH  (CAL. CIV. PROC. CODE § 377.60, VIA § 377.30); VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1); BATTERY, ASSAULT, FALSE ARREST / FALSE IMPRISONMENT, NEGLIGENCE

JURY TRIAL DEMANDED

**COMES NOW** plaintiff HEATHER BLANCHARD, as guardian ad litem for minor child I.C.W., successor in interest to Joseph Alan Wear, and shows this honorable court the following:

## <u>JURISDICTIONAL ALLEGATIONS</u>

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiff HEATHER BLANCHARD, as guardian ad litem for minor child I.C.W., successor in interest to plaintiff's decedent Joseph Alan Wear, timely filed her Claim For Damages against the County of Los Angeles on May 1,

2019, June 5, 2019 and June 6, 2019, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim has been denied by defendant County of Los Angeles on or about June 17, 2019, less than six months prior to the filing of this instant action.

### GENERAL ALLEGATIONS

5.     Plaintiff Heather Blanchard, hereinafter referred to as "HEATHER BLANCHARD" and/or "plaintiff' and/or "Heather Blanchard" is a natural person, who, at all times complained of in this action, resided in the State of California. Plaintiff Heather Blanchard was the girlfriend of plaintiff's decedent, Joseph Alan Wear, and the legal and natural mother of minor child I.C.W., who is the son of plaintiff's decedent, Joseph Alan Wear, and said minor child is the successor in interest in this action pursuant to Cal. Civ. Proc. Code § 337.30.

6.     Plaintiff's decedent, Joseph Alan Wear, died intestate on December 7, 2018 at Harbor-UCLA Medical Center in Torrance, California, and at all times complained of was a resident of the State of California.

7.     Defendant County of Los Angeles, hereinafter also referred to as "County of Los Angeles" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8.     Adrian De Casas ("DE CASAS") is, and at all times complained of herein was, a deputy sheriff with the Los Angeles County Sheriff's Department, who was acting as an individual person acting under the color of state law, and was acting in the course of and within the scope of his employment with defendant County of Los Angeles ("COUNTY").

9.     Jonathan Pawluk ("PAWLUK") is, and at all times complained of herein was, a deputy sheriff with the Los Angeles County Sheriff's Department, who was acting as an individual person acting under the color of state law, and was acting in the course of and within the scope of his employment with

defendant County of Los Angeles ("COUNTY").

9.      Defendant JAVIER ECHEVARRIA ("ECHEVARRIA") is, and at all times complained of was, a, JOSEPH PAVON, F. TALABI is a sworn United States Postal Service Postal Inspectors / Police Officers, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

10.     Defendant Joseph Pavon ("PAVON") is, and at all times complained of was, a, JOSEPH PAVON, F. TALABI is a sworn United States Postal Service Postal Inspectors / Police Officers, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

11.     Defendant Javier Echevarria ("ECHEVARRIA") is, and at all times complained of was, a sworn United States Postal Service Postal Inspectors / Police Officers, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

12.     Defendant F. TALABI ("TALABI") is, and at all times complained of was, a sworn United States Postal Service Postal Inspectors / Police Officers, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

13.     Defendants DOES 3 to 4, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of Los Angeles, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or

FIRST AMENDED COMPLAINT FOR DAMAGES

are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff[3].

14.     At all times complained of herein, DOES 3 to 4, were acting as individual person acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by defendant County of Los Angeles, and were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

15.     Defendants DOES 5 to 6, inclusive, are sworn peace officers and/or United States Postal Service Inspectors and/or United States Postal Service Police Officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of the United States Postal Service, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

16.     At all times complained of herein, DOES 4 to 6 were acting as individual persons under the color of federal law, pursuant to their authority as

_____

[3]Defendant County of Los Angeles had, to date, refused to disclose the identity of the Los Angeles County Sheriff's Department deputy sheriff(s) who restrained, and ultimately killed, plaintiff's decedent, Joseph Wear.

FIRST AMENDED COMPLAINT FOR DAMAGES

5

sworn peace officers, United States Postal Service Police Officers and/or United States Postal Service Postal Inspectors and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the United States Postal Service, and were acting in the course of and within the scope of their employment with the United States Postal Service.

17.     Defendants DOES 7 and 8, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of Los Angeles and/or the United States, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Los Angeles / United States for: 1) for wrongfully killing persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by County of Los Angeles personnel, and were a

proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

18.   Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

19.   At all times complained of herein, DOES 9 and 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Deputy Sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Los Angeles, and/or some other public official(s) with County of Los Angeles, and were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

20.   At all times complained of herein, defendants DOES 9 and 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Los Angeles.

21.   Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Los Angeles and United States Postal Service, for, inter alia: 1) for wrongfully killing persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in

FIRST AMENDED COMPLAINT FOR DAMAGES

criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by County of Los Angeles and United States Postal Service personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

22.    In addition to the above and foregoing, defendants DOES 1 through 8, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff / minor child I.C.W. of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff I.C.W. of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

23.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff I.C.W. federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**USE OF UNREASONABLE FORCE UNDER FOURTH AMENDMENT**
**[VIOLATION OF 42 U.S.C. § 1983]**
**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30)**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the**
**minor plaintiff I.C.W. as Successor in Interest to Plaintiff's Decedent Joseph**
**Alan Wear, Against All Defendants)**

24.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in

FIRST AMENDED COMPLAINT FOR DAMAGES

8

full herein.

25.    On the afternoon of December 7, 2018, plaintiff's decedent, Joseph Alan Wear entered the United States Post Office located at 7101 South Central Avenue in Los Angeles, California.  Plaintiff is informed and believes and thereon alleges that plaintiff's decedent, Joseph Alan Wear was carrying his skateboard, and gave a United States Postal Clerk a taser and a can of pepper spray, and said something to the effect of: *"Help, they're after me. I need help. Can I use the phone?"*

26.    Plaintiff's decedent, Joseph Alan Wear, was in an obviously delusional and in an agitated state of mind, ran out of the Post Office, followed by U.S. Postal Service Inspectors / U.S. Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive.

27.    Plaintiff's decedent may have involved himself with / ran up to parked or passing automobiles, including one or more motorists, and a baby stroller.  Plaintiff's decedent also apparently climbed a tree and jumped out of the same onto the sidewalk there.  Plaintiff's decedent, Joseph Wear, was in obvious need of immediate medical / psychological intervention, and it would have been obvious to any reasonably well-trained peace officer that he was in such need.

28.    One or more civilians and one or more Postal Service Inspectors / Postal Police Officers were also apparently involved in the process of restraining plaintiff's decedent, Joseph Alan Wear.

29.    In addition, certain unidentified LASD deputy sheriffs, defendants DE CASAS, PAWLUK and DOES 1 through 3, inclusive, were also driving by the scene of the subject incident.

30.    Plaintiff is informed and believes that LASD deputy sheriffs DE CASAS, PAWLUK and DOES 1 through 3, inclusive, and United States Postal Service Postal Inspectors / Police Officers and DOES 4 through 6, inclusive, used

FIRST AMENDED COMPLAINT FOR DAMAGES

unreasonable and excessive force upon when restraining plaintiff's decedent, Joseph Alan Wear him, including punches, kicks, chest strikes and lethal physical restraints.

31.     The actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, caused the plaintiff's decedent, Joseph Alan Wear, to suffer and sustain a cardiac arrest, resulting in his death.

32.     Thereafter, plaintiff's decedent, Joseph Alan Wear, was taken by City of Los Angeles paramedics to Harbor-UCLA Medical Center in the City of Torrance, where he was pronounced dead at approximately 3:22 p.m. on December 7, 2018.

33.     Said deadly use of unreasonable / excessive force upon plaintiff's decedent Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, also caused Joseph Alan Wear to suffer severe physical injury, and severe mental, emotional and physical pre-death distress, pain and suffering; in an amount to be proven at trial, in excess of $10,000,000.00.

34.     Said deadly restraint of and excessive use of force upon Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, was done by said defendants without reasonable cause to believe that Joseph Alan Wear was either armed or dangerous, and without probable cause to believe that he committed a crime.

35.     Accordingly, said deadly restraint of and excessive use of force upon Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, was done in violation of his right to be free from the use of unreasonable force upon his person under the Fourth Amendment to the United States Constitution.

36.     Said deadly restraint of and excessive use of force upon Joseph Alan

Wear and death of Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-described, also caused plaintiff's decedent Joseph Alan Wear severe physical, mental and emotional pain, suffering and distress, and to suffer substantial special damages, including but not limited to, medical bills, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

37.     Said deadly restraint of and excessive use of force upon Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-described, was done maliciously and in reckless disregard of Joseph Alan Wear's constitutional rights; sufficient for an award of punitive damages against said DOE defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

## SECOND CAUSE OF ACTION
### UNREASONABLE SEIZURE OF PERSON UNDER FOURTH AMENDMENT
### [VIOLATION OF 42 U.S.C. § 1983]
### (FEDERAL SURVIVALSHIP CLAIM VIA CAL. CIV. PROC. CODE § 377.30)
### (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W., as Successor in Interest to Plaintiff's Decedent Joseph Alan Wear, Against All Defendants)

38.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as though set forth in full herein.

39.     As shown above, plaintiff HEATHER BLANCHARD is the natural

FIRST AMENDED COMPLAINT FOR DAMAGES

11

mother of her son and is also the guardian ad litem for minor child I.C.W., who is the son of plaintiff's decedent and successor in interest to Joseph Alan Wear, who died unmarried and intestate; and the minor child I.C.W. is the successor in interest to plaintiff's decedent Joseph Alan Wear.

40.     As shown above, defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, killed plaintiff's decedent Joseph Alan Wear on December 7, 2018.

41.     Also as shown above, said defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, detained plaintiff's decedent Joseph Alan Wear in the absence of reasonable suspicion and probable cause of criminal conduct by him, and otherwise seized him in an unreasonable manner by restraining him, causing cardiac arrest and killing him.

42.     Accordingly, said defendants' seizure of Joseph Alan Wear was an unlawful and unreasonable seizure of him under the Fourth Amendment to the United States Constitution.

43.     Said unreasonable seizure of Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-referenced, also caused plaintiff's decedent Joseph Alan Wear to suffer substantial general damages such as severe mental and emotional distress, pain and suffering, severe physical injuries, and special damages, including but not limited to, medical bills, lost wages / profits and other income that Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

44.     Said unreasonable seizure of Joseph Alan Wear by said DOE

defendants, above-referenced, was done maliciously and in reckless disregard of Joseph Alan Wear's constitutional rights; sufficient for an award of punitive damages against said DOE defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

### THIRD CAUSE OF ACTION
**LOSS OF PARENT- CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER FOURTH AND FOURTEENTH AMENDMENT [VIOLATION OF 42 U.S.C. § 1983]**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W. Against All Defendants)**

45.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as though set forth in full herein.

46.     The unlawful killing of plaintiff's deceased, Joseph Alan Wear, by by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-referenced, deprived minor plaintiff I.C.W. of his Parent – Child Relationship with his father, Joseph Alan Wear, guaranteed to him under the Fourteenth Amendment to the United States Constitution.

47.     The use of unreasonable force upon Joseph Alan Wear that resulted in the unlawful killing of him by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Joseph Alan Wear's life and to said Child – Parent Relationship with plaintiff I.C.W., and constituted outrageous behavior that is shocking to the conscience.

48.     The unlawful killing of plaintiff's deceased, Joseph Alan Wear, by

defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, also caused plaintiff / minor child I.C.W. to suffer the loss of his father Joseph Alan Wear's society, solace and comfort, companionship, as well as caused him to suffer great mental, emotional and distress, pain and suffering in an amount to be shown at trial, and special damages, including but not limited to, medical bills, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

49.    The unlawful killing of Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive damages against said defendants (save COUNTY); all in an amount to be shown at trial, in excess of $10,000,000.00.

## FOURTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom / Failure to Train On Restraints When Using Force Upon Detainees / Arrestees**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W., Individually and as Successor in Interest to Joseph Alan Wear, Against Defendants COUNTY and DOES 9 and 10)**

50.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51.    As shown above, the actions of defendants DE CASAS, PAWLUK,

and DOES 4 to 5, deprived the plaintiff's decedent Joseph Alan Wear of his particular rights under the United States Constitution and under the California Constitution, as described above.

52.     At all times complained of herein, defendants DE CASAS, PAWLUK, and DOES 4 to 5 and 9 and 10, were acting pursuant to the policies, customs, usages and practices of the Los Angeles County Sheriff's Department: 1) for restraining persons with deadly restraint, thereby putting an arrestee in a dangerous position of suffering a cardiac arrest, creating the risk of unnecessary death, and for using excessive / unreasonable force on persons and for falsely arresting and framing / attempting to frame innocents[4].

---

[4]See, *Thomas v. County of Los Angeles*, 978 F.2d 504 (9th Cir. 1992)(Vikings "gang" composed of Los Angeles Sheriff's Department ("LASD"), including recently imprisoned Undersheriff Paul Tanaka, unlawful killed, beat, shot, falsely arrested innocents); See also, Los Angeles Sheriff's Department "*The Kolts Report*", July 1992 (gangs and regular line deputies of Sheriff's Department commonly / routinely use excessive force and frame innocents) https://www.clearinghouse.net/chDocs/public/PN-CA-0001-0023.pdf ; See, *Reform and Oversight Efforts: Los Angeles County Sheriff's Department*, December 2018 (Los Angeles County Sheriff's Department has long had policy of using force and violence against civilians) http://file.lacounty.gov/SDSInter/bos/supdocs/133008.pdf , See also, *Report of the Citizens' Commission on Jail Violence,* September 2012, https://ccjv.lacounty.gov/wp-content/uploads/2012/09/CCJV-Executive-Summary.pdf ; See also, Los Angeles County Sheriff's Department 29th Semiannual Report, July 2010, *Obstruction Arrests at the LASD*; See also, See also, Los Angeles County Sheriff's Department 30th Semiannual Report, September 2011, *Deputy Involved Shootings; By the Numbers*; See also, Los Angeles County Sheriff's Department 10th Semiannual Report, February 1999 (Sheriff refuses to implement recommendations of Kolts Report and the violence against civilians continues by LASD); See, *"L.A. County supervisors challenge Sheriff Villanueva in court over deputy's reinstatement"* - Los Angeles Times ; Los Angeles County Civilian Oversight Commission, *"Secret Deputy Subgroups"*, October 16, 2019, https://coc.lacounty.gov/Our-Work/Secret-Deputy-Subgroups **,** (gangs and regular line deputies of Sheriff's Department commonly / routinely use excessive force upon and frame innocents); Los Angeles County Board of Supervisors, "Deputy subgroups who self-associate and self-identify have existed for decades within the Department and have names such as the "Little Devils," "Banditos," "Reapers," and often bear unique tattoos. The Citizens' Commission on Jail Violence (CCJV) reported that these cliques exhibit patterns of insubordination, aggressive behaviors and excessive force and found that the Departments tolerance of deputy cliques contributed to excessive use of force in the jails. The

53.     Said actions of said defendants were done by them under the color of state law.

54.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, above-described, defendants committed said actions complained of above.

55.     As a direct and proximate result of the actions of defendant COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor in interest, plaintiff minor child I.C.W., to suffer substantial general damages and physical injuries and severe physical, mental and emotional pain, suffering and distress, and special damages, including but not limited to, medical bills, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

**FIFTH CAUSE OF ACTION**
**Wrongful Death[5]**
**[Direct Liability Action]**

---

CCJV recommended that the Department should employ a rotation policy to protect against the development of cliques and discourage staff participation in these cliques. The CCJV further recommended that the Department should vigorously investigate and discipline off-duty misconduct as it relates to the actions of the deputy subgroups. CONCLUSION, The behavior of these deputy subgroups is abhorrent and unacceptable both in and outside of the workplace. Both the PD and DA investigate cases where the conduct of the law enforcement officer is considered criminal in nature or has an impact on court criminal proceedings."
http://file.lacounty.gov/SDSInter/bos/bc/1058692_071819.B101278.SHFDeputySubgroup.bm.pdf .

[5] Based on California state law; Cal. Civ. Proc. Code § 377.60 *et seq.*

FIRST AMENDED COMPLAINT FOR DAMAGES

16

**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W., Successor in Interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, and COUNTY)**

56.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57.     As shown above, plaintiff minor child I.C.W., as successor in interest to plaintiff's decedent Joseph Alan Wear, is the heir of the plaintiff's decedent, Joseph Alan Wear, and is entitled to inherit from Joseph Alan Wear via Intestate Succession under California state law.

58.     Also as shown above, defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, negligently, wrongfully, unlawfully and unjustifiably killed Joseph Alan Wear, by causing his death by beating him and by using lethal restraint techniques upon him, and by otherwise failing to use reasonable care while Joseph Wear was in their custody. Therefore, said defendant COUNTY is liable to the minor plaintiff I.C.W. for the wrongful death of Joseph Alan Wear pursuant to Cal. Civ. Proc. Code § 377.60.

59.     As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, caused plaintiff's decedent, Joseph Alan Wear's successor in interest, minor plaintiff I.C.W., to suffer substantial general damages including the loss of society, comfort, solace, companionship and guidance of Joseph Wear, as well as special damages, including but not limited to, the loss, society, solace, companionship and comfort of his father, Joseph Alan Wear, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan

Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

60.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

### SIXTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W., Successor in Interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, and COUNTY)**

61.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.    As shown above, defendants DOES 1 through 6, 9 and 10, inclusive, used the threat of force and actual use of force and violence against the plaintiff's decedent Joseph Alan Wear to stop him from verbally protesting their actions and to chill him from doing so in the future, that were being perpetrated against him.

63.    Also as shown above, said defendants used unreasonable force and violence against the plaintiff's decedent Joseph Alan Wear because of his protests of their actions perpetrated against him.

64.    The actions of defendant deputy sheriffs DOES 1 through 6, 9 and 10, inclusive, above-described, were done in retaliation for plaintiff's decedent Joseph Alan Wear's exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and

prevent further verbal protests and complaints by the plaintiff's decedent Joseph Alan Wear to said defendant deputy sheriffs about their mistreatment of the plaintiff's decedent Joseph Alan Wear, as well as plaintiff's decedent Joseph Alan Wear exercising their Fourth Amendment right to be secure in his person and his property.

65.    Said actions by said defendants constitute the use of actual force and violence, and the threatened use of force and violence against the plaintiff's decedent Joseph Alan Wear for his exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by the plaintiff's decedent Joseph Alan Wear to said defendant deputy sheriffs about their mistreatment of the plaintiff's decedent Joseph Alan Wear, as well as exercising his Fourth Amendment right to be secure in his person and their property.

66.    Moreover, as shown above, said defendant deputy sheriffs falsely arrested and falsely imprisoned plaintiff's decedent Joseph Alan Wear, using actual force and violence against the plaintiff's decedent Joseph Alan Wear, as well as threats of same.

67.    Said defendant deputy sheriffs, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff's decedent Joseph Alan Wear of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

68.    Said defendants DOES 1 through 6, 9 and 10 are liable to plaintiff's decedent Joseph Alan Wear, the minor plaintiff I.C.W. as successor in interest, for said violations of their constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

69.    As a direct and proximate result of the actions of defendant

COUNTY and DOES 1 through 6, 9 and 10, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor in interest, the minor plaintiff I.C.W., to suffer general damages and physical injuries and severe physical, mental and emotional pain, suffering and distress, and substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

70.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

71.    In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

## SEVENTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W. as Successor in Interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, and COUNTY)

72.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in

full herein.

73.     The actions committed by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff's decedent Joseph Alan Wear, and constituted a battery of him by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, under California state law.

74.     Defendants COUNTY and DOES 1 through 6, 9 and 10, and each of them, are liable to the plaintiff's decedent Joseph Alan Wear for said batteries of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

75.     As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor in interest, the minor plaintiff I.C.W., to suffer substantial general damages and physical injuries and severe physical, mental and emotional pain, suffering and distress, and special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

76.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of

$10,000,000.00.

## EIGHTH CAUSE OF ACTION
### Negligence[6]
### (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor child I.C.W., Successor in Interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants COUNTY and DOES 1 through 6, 9 and 10, inclusive)

77.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.   Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, owed the plaintiff's decedent Joseph Alan Wear a duty to use due care regarding the safety and well-being of his person while he was in their custody and under their physical control.

79.   As shown above, defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, breached their duty of care to the plaintiff's decedent Joseph Alan Wear when they restrained him with deadly restraint, and used unnecessary force and violence upon him, causing him to suffer cardiac arrest and death therefrom.

80.  As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, as complained of herein, also caused plaintiff's decedent Joseph Alan Wear and his successor in interest, minor plaintiff I.C.W., to suffer substantial general and special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan

---

[6] Based on California state law.

Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

81.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)    For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00;

b)    For a judgment against all defendants, save COUNTY for punitive damages in an amount in excess of $10,000,000.00;

c)    For an award of reasonable attorney's fees and costs;

d)    For a trial by jury; and

e)    For such other and further relief as this honorable court deems just and equitable.

Dated: May 27, 2020            ___/s/_ *Jerry L. Steering*_____
                                JERRY L. STEERING, Attorney for
                                plaintiff HEATHER BLANCHARD, as
                                guardian ad litem for minor plaintiff I.C.W.

FIRST AMENDED COMPLAINT FOR DAMAGES

23