Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiff Heather Blanchard, as guardian ad litem for minor child
I.C.W., successor in interest to Joseph Alan Wear

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BLANCHARD, as guardian ad litem for minor child I.C.W., individually, and as successor in interest to Joseph Alan Wear,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, ADRIAN DE CASAS, JONATHAN PAWLUK, CESAR GUERRERO JAVIER ECHEVARRIA, JOSEPH PAVON, F. TALABI and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 8:19-CV-02438-JVS-DFM<br><br>FOURTH AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM  FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4)[1]; CLAIM FOR INTERFERENCE / DEPRIVATION OF PARENT  - CHILD RELATIONSHIP (U.S. CONST. AMEND  9 and14); CALIFORNIA STATE LAW CLAIMS FOR WRONGFUL DEATH  (CAL. CIV. PROC. CODE § 377.60, VIA § 377.30); VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1); BATTERY and NEGLIGENCE<br><br>JURY TRIAL DEMANDED |

[1] Via Cal. Civ. Proc. Code § 377.30.

FOURTH AMENDED COMPLAINT FOR DAMAGES

1

**COMES NOW** plaintiff Heather Blanchard, as guardian ad litem for minor child I.C.W., successor in interest to Joseph Alan Wear, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.     Plaintiff Heather Blanchard, as guardian ad litem for minor child I.C.W., also successor in interest to plaintiff's decedent Joseph Alan Wear, timely filed her Claim for Damages against the County of Los Angeles on May 1, 2019, June 5, 2019 and June 6, 2019, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim has been denied by defendant County of Los Angeles on or about June 17, 2019, less than six months prior to the filing of this instant action.

## GENERAL ALLEGATIONS

5.     Plaintiff Heather Blanchard, hereinafter referred to as "HEATHER BLANCHARD" and/or "plaintiff" and/or "Heather Blanchard" is a natural person,

who, at all times complained of in this action, resided in the State of California. Plaintiff Heather Blanchard was the girlfriend of plaintiff's decedent, Joseph Alan Wear, and the legal and natural mother of minor child I.C.W., who is the son of plaintiff's decedent, Joseph Alan Wear, and said minor child is the successor in interest in this action pursuant to Cal. Civ. Proc. Code § 337.30.

6.     Plaintiff's decedent, Joseph Alan Wear, died intestate on December 7, 2018 at Harbor-UCLA Medical Center in Torrance, California, and at all times complained of was a resident of the State of California.

7.     Defendant County of Los Angeles, hereinafter also referred to as "County of Los Angeles" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8.     Adrian De Casas ("DE CASAS") is, and at all times complained of herein was, a deputy sheriff with the Los Angeles County Sheriff's Department, who was acting as an individual person acting under the color of state law, and was acting in the course of and within the scope of his employment with defendant County of Los Angeles ("COUNTY").

9.     Jonathan Pawluk ("PAWLUK") is, and at all times complained of herein was, a deputy sheriff with the Los Angeles County Sheriff's Department, who was acting as an individual person acting under the color of state law, and was acting in the course of and within the scope of his employment with defendant County of Los Angeles ("COUNTY").

9.     Defendant JAVIER ECHEVARRIA ("ECHEVARRIA") is, and at all times complained of was, a sworn United States Postal Service Postal Inspector / Police Officer, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and

FOURTH AMENDED COMPLAINT FOR DAMAGES

3

who was acting under the color of state and federal law.

10.    Defendant Joseph Pavon ("PAVON") is, and at all times complained of was, a sworn United States Postal Service Postal Inspector / Police Officer, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

11.    Defendant Javier Echevarria ("ECHEVARRIA") is, and at all times complained of was, a sworn United States Postal Service Postal Inspector / Police Officer, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

12.    Defendant F. Talabi ("TALABI") is, and at all times complained of was, a sworn United States Postal Service Postal Inspector / Police Officer, who at all times complained of herein was acting in the course of and within the scope of his employment with the United States of America, and who was acting under the color of state and federal law.

13.    Defendants DOES 1 through 4, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of Los Angeles and/or some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

14.    At all times complained of herein, DOES 1 through 4, inclusive,

were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by defendant County of Los Angeles and/or some other public entity, and were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

15.     Defendants DOES 5 to 6, inclusive, are sworn peace officers and/or police officers and/or United States Postal Service Inspectors and/or United States Postal Service Police Officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of the United States Postal Service, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

16.     At all times complained of herein, DOES 5 to 6 were acting as individual persons under the color of federal law, pursuant to their authority as sworn peace officers, United States Postal Service Police Officers and/or United States Postal Service Postal Inspectors and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the United States Postal Service, and were acting in the course of and within the scope of their employment with the United States Postal Service.

17.     Defendants DOES 7 and 8, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of

FOURTH AMENDED COMPLAINT FOR DAMAGES

Los Angeles and/or the United States and/or some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Los Angeles and the United States for: 1) for wrongfully killing persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by County of Los Angeles personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

      18.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

      19.    At all times complained of herein, DOES 9 and 10, inclusive, were

acting were acting as individual persons acting under the color of state law, pursuant to their authority as Deputy Sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of Los Angeles and/or some other public entity, and/or some other public official(s) with County of Los Angeles, and were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

20.    At all times complained of herein, defendants DOES 9 and 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant County of Los Angeles.

21.    Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Los Angeles for, *inter alia*: 1) for wrongfully killing persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by County of Los Angeles and United States Postal

Service personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

22.    In addition to the above and foregoing, defendants DOES 1 through 8, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff / minor child I.C.W. of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff I.C.W. of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

23.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff I.C.W. federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**USE OF UNREASONABLE FORCE UNDER FOURTH AMENDMENT**
**[VIOLATION OF 42 U.S.C. § 1983]**
**(FEDERAL SURVIVALSHIP CLAIM**
**VIA CAL. CIV. PROC. CODE § 377.30)**
**(By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for the minor plaintiff I.C.W. as Successor in Interest to Plaintiff's Decedent Joseph Alan Wear, Against Defendants Adrian De Casas, Jonathan Pawluk, Cesar Guerrero, Javier Echevarria, Joseph Pavon, F. Talabi and DOES 1 through 10, inclusive)**

24.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23, inclusive, above, as if set forth in full herein.

25.    On the afternoon of December 7, 2018, plaintiff's decedent, Joseph Alan Wear entered the United States Post Office located at 7101 South Central

Avenue in Los Angeles, California.  Plaintiff is informed and believes and thereon alleges that plaintiff's decedent, Joseph Alan Wear was carrying his skateboard, and gave a United States Postal Clerk a taser and a can of pepper spray, and said something to the effect of: *"Help, they're after me. I need help. Can I use the phone?"*

26.    Plaintiff's decedent, Joseph Alan Wear, who was in an obviously delusional and agitated state of mind, ran out of the United States Post Office in Los Angeles, California, followed by United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive.

27.    When plaintiff's decedent, Joseph Alan Wear, ran outside of the United States Post Office, he climbed-up a tree and jumped out of the same, ran into passing automobiles, ran into a baby stroller, and proceeded to run down the street.

28.    Plaintiff's decedent, Joseph Wear, was in obvious need of immediate medical and psychological intervention / care / treatment, and it would have been obvious to any reasonably well-trained peace officer that he was in such need.

29.    As shown above, several civilians initially tackled Joseph Allen Wear and physically restrained him on the street, until defendant United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, arrived at the scene, and continued physically restraining Joseph Allen Wear.

30.    Thereafter, defendants LASD deputy sheriffs DE CASAS, PAWLUK and DOES 1 through 3, inclusive, were also driving by the scene of the subject incident and immediately joined in with United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, in restraining Joseph Allen Wear on the street.

31.     The manner and method of restraint of Joseph Alan Wear by defendants DE CASAS, PAWLUK and DOES 1 through 3, inclusive, and by Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, by dropping-down upon him with their knees and body weight, by keeping Wear pinned to the street by using their body weight(s) upon him, especially his head and neck area, and by otherwise grabbing, pulling, striking and otherwise brutalizing Joseph Alan Wear, constituted the use of unreasonable force upon him; force so great that one of said civilians who had initially restrained Joseph Alan Wear told said defendants to stop brutalizing Joseph Alan Wear, because he might die from the manner that said defendants were restraining Joseph Alan Wear.

32.     The actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, caused the plaintiff's decedent, Joseph Alan Wear, to suffer and sustain a cardiac arrest, resulting in his death. Thereafter, plaintiff's decedent, Joseph Alan Wear, was taken by City of Los Angeles paramedics to Harbor-UCLA Medical Center in the City of Torrance, where he was pronounced dead at approximately 3:22 p.m. on December 7, 2018.

33.     Said deadly use of unreasonable / excessive force upon plaintiff's decedent Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, also caused Joseph Alan Wear to suffer severe physical injury, and severe mental, emotional and physical pre-death distress, pain and suffering; in an amount to be proven at trial, in excess of $10,000,000.00.

34.     Said deadly restraint of and excessive use of force upon Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, was done by said defendants

without reasonable cause to believe that Joseph Alan Wear was either armed or dangerous, and without probable cause to believe that he committed a crime.

35.    Accordingly, said deadly restraint of and excessive use of force upon Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, was done in violation of his right to be free from the use of unreasonable force upon his person under the Fourth Amendment to the United States Constitution.

36.    Said deadly restraint of and excessive use of force upon Joseph Alan Wear and death of Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, above-described, also caused plaintiff's decedent Joseph Alan Wear severe physical, mental and emotional pain, suffering and distress, and to suffer substantial special damages, including but not limited to, medical bills, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

37.    Said deadly restraint of and excessive use of force upon Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, above-described, was done maliciously and in reckless disregard of Joseph Alan Wear's constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

## SECOND CAUSE OF ACTION
**LOSS OF PARENT- CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER FOURTH AND FOURTEENTH AMENDMENT [VIOLATION OF 42 U.S.C. § 1983] (By Plaintiff HEATHER BLANCHARD, as Guardian Ad Litem for minor**

FOURTH AMENDED COMPLAINT FOR DAMAGES

11

**plaintiff I.C.W., Against Defendants Adrian De Casas, Jonathan Pawluk,
Cesar Guerrero, Javier Echevarria, Joseph Pavon, F. Talabi
and DOES 1 through 10, inclusive)**

38.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as though set forth in full herein.

39.     The unlawful killing of plaintiff's deceased, Joseph Alan Wear, by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, above-referenced, deprived minor plaintiff I.C.W. of his Parent – Child Relationship with his father, Joseph Alan Wear, guaranteed to him under the Fourteenth Amendment to the United States Constitution.

40.     The use of unreasonable force upon Joseph Alan Wear that resulted in the unlawful killing of him by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Joseph Alan Wear's life and to said Child – Parent Relationship with plaintiff I.C.W., and constituted outrageous behavior that is shocking to the conscience.

41.     The unlawful killing of plaintiff's deceased, Joseph Alan Wear, by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, also caused plaintiff / minor child I.C.W. to suffer the loss of his father Joseph Alan Wear's society, solace and comfort, companionship, as well as caused him to suffer great mental, emotional and distress, pain and suffering in an amount to be shown at trial, and special damages, including but not limited to, medical bills, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other

property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

42.    The unlawful killing of Joseph Alan Wear by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive damages against said defendants; all in an amount to be shown at trial, in excess of $10,000,000.00.

**THIRD CAUSE OF ACTION**
**Wrongful Death**[2]
**(Vicarious Liability Claim Only Against Defendant County of Los Angeles, and Direct Liability Claim Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, pursuant to Cal. Civ. Proc. Code § 377.60)**

43.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44.    As shown above, plaintiff minor child I.C.W., is a successor in interest to plaintiff's decedent Joseph Alan Wear, and, is the sole heir of plaintiff's decedent, Joseph Alan Wear, and is entitled to inherit from Joseph Alan Wear via Intestate Succession under Cal. Civ. Proc. Code § 377.60[3].

45.    As shown above, plaintiff's decedent, Joseph Alan Wear, who was in an obviously delusional and agitated state of mind, ran out of the United States

---

[2] Based on California state law; Cal. Civ. Proc. Code § 377.60 *et seq.*
[3] Cal. Civ. Proc. Code § 377.60 provides in pertinent part: "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:"

FOURTH AMENDED COMPLAINT FOR DAMAGES
13

Post Office in Los Angeles, California, followed by United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive.

46.     As shown above, when plaintiff's decedent ran outside of the United States Post Office, he climbed-up a tree and jumped out of the same, ran into passing automobiles, ran into a baby stroller, and proceeded to run down the street.

47.     Plaintiff's decedent, Joseph Wear, was in obvious need of immediate medical and psychological intervention / care / treatment, and it would have been obvious to any reasonably well-trained peace officer that he was in such need.

48.     As shown above, several civilians initially tackled Joseph Allen Wear and physically restrained him on the street, until defendant United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, arrived at the scene, and continued physically physically restraining Joseph Allen Wear.

49.     Thereafter, defendants LASD deputy sheriffs DE CASAS, PAWLUK and DOES 1 through 3, inclusive, were also driving by the scene of the subject incident and immediately joined in with United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, in restraining Joseph Allen Wear on the street.

50.     The manner and method of restraint of Joseph Alan Wear by defendants DE CASAS, PAWLUK and DOES 1 through 3, inclusive, and by defendant Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, by dropping-down upon him, by keeping Wear pinned to the street by using their body weight(s) upon Wear, especially his head and neck area, and by otherwise grabbing, pulling and otherwise brutalizing Joseph Alan Wear constituted the use of unreasonable force upon him; force so great that one

of said civilians who had initially restrained Joseph Alan Wear told said defendants to stop brutalizing Joseph Alan Wear, because he might die from the manner that said defendants were restraining Joseph Alan Wear.

51.     These acts constitute a breach of the duty of due care that all persons owe each other, and constitute a breach of the duty that police officers and deputy sheriffs are required to abide by for the care of persons who they seize or otherwise have custody or control over, as specified in Cal. Civil Code § 1714[4], as specified in Cal. Civ. Proc. Code § 377.60; California's Wrongful Death Statute, and otherwise.

52.     The use of excessive force in the course of detaining, or arresting or otherwise seizing another by a deputy sheriff or police officer, and, the failure to use due care for the physical well-being of a detainee or arrestee or a person otherwise seized by police officers and deputy sheriffs, constitutes a breach of that duty imposed upon police officers and deputy sheriffs by Cal. Civil Code § 1714, and in Cal. Civ. Proc. Code § 377.60, to not intentionally or negligent cause the death of another person.

53.     In addition to the above and foregoing, Cal. Gov't Code § 820(a) provides:

> *"Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."*

54.     In addition to the above and foregoing, Cal. Gov't Code § 815.2 provides:

_____

[4] Cal. Civil Code § 1714 provides: "(a) Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

FOURTH AMENDED COMPLAINT FOR DAMAGES

> *"(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."*

54.     Also as set forth above, defendants DE CASAS, PAWLUK and DOES 1 through 3, inclusive, were acting in the course of and within the scope of their employment with defendant County of Los Angeles during all times complained of herein.

55.     Also as set forth above, said actions of said defendants directly and proximately resulted in Joseph Alan Wear's death, as shown above. Accordingly, defendant County of Los Angeles is Vicariously Liable to plaintiff for the tortious conduct complained of above and below, including the Wrongful Death of Joseph Alan Wear, and defendant Postal Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 6, inclusive, and defendant Deputy Sheriffs DE CASAS, PAWLUK and DOES 1 through 3, inclusive, are Directly Liable to plaintiff for the Wrongful Death of Joseph Alan Wear.

59.     As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, caused minor plaintiff I.C.W., to suffer substantial general damages including the loss of love, society, comfort, solace, companionship and guidance of Joseph Wear, as well as special damages, including but not limited to, the loss, society, solace, companionship and comfort of his father, Joseph Alan Wear, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at

trial, in excessive of $10,000,000.00.

60.   The actions by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against said defendants and each of them, in an amount to be proven at trial in excess of $10,000,000.00.

### FOURTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Vicarious Liability Claim Against Defendant County of Los Angeles by Plaintiff Heather Blanchard, as Guardian Ad Litem for minor plaintiff I.C.W., as Successor-in-Interest to Joseph Alan Wear, and Direct Liability Claims Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, by Plaintiff Heather Blanchard, as Guardian Ad Litem for minor plaintiff I.C.W., as Successor-in-Interest to Joseph Alan Wear)**

61.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.   As shown above, defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10, inclusive, used the threat of force and actual use of force and violence against the plaintiff's decedent Joseph Alan Wear, under color of their authority to do so, to stop him from verbally protesting their actions and to chill him from doing so in the future, that were being perpetrated against him. Moreover, at all times complained of in this action, defendants DE CASAS, PAWLUK and DOES 1 through 3, inclusive, were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

63.   Also as shown above, said defendants used unreasonable / excessive

force[5] and violence against the plaintiff's decedent Joseph Alan Wear, in restraining and in using severely injuring force upon him; because of his protests of their actions perpetrated against him, and otherwise.

64.     The actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10, inclusive, were done in retaliation for plaintiff's decedent Joseph Alan Wear's exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by the plaintiff's decedent Joseph Alan Wear to said defendant deputy sheriffs about their mistreatment of the plaintiff's decedent Joseph Alan Wear, as well as plaintiff's decedent Joseph Alan Wear exercising their Fourth Amendment right to be secure in his person and his property.

65.     Said actions by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10, inclusive, constituted the use of actual force and violence, and the threatened use of force and violence against the plaintiff's decedent Joseph Alan Wear for his exercise of his First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by the plaintiff's decedent Joseph Alan Wear to said defendant deputy sheriffs and police officers about their mistreatment of the plaintiff's decedent Joseph Alan Wear, as well as exercising his Fourth Amendment right to be secure in his person and their property.

66.     Moreover, as shown above, defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10, inclusive, using actual force and violence against the plaintiff's decedent Joseph

_____

[5] Unreasonable / Excessive Force under Fourth Amendment standards.

FOURTH AMENDED COMPLAINT FOR DAMAGES

18

Alan Wear, resulted in him suffering severe physical injury, physical pain and suffering, and severe mental and emotional pain, suffering and distress.

67.     Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10, inclusive, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff's decedent Joseph Alan Wear of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

68.     Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10 are Directly Liable to minor plaintiff I.C.W. Joseph Alan Wear's successor in interest, for said violations of Joseph Alan Wear's constitutional rights, and defendant County of Los Angeles is Vicariously Liable to minor plaintiff I.C.W., as Joseph Alan Wear's successor-in-interest, pursuant to Cal. Civil Code § 52.1, and pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820 and 820.8.

69.     As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 10, inclusive,  as complained of herein, also caused plaintiff's decedent Joseph Alan Wear, and his successor in interest, the minor plaintiff I.C.W., to suffer general damages and physical injuries and severe physical, mental and emotional pain, suffering and distress, and substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

70.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

71.     In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

### FIFTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Vicarious Liability Claim Against Defendant County of Los Angeles by Plaintiff Heather Blanchard, as Guardian Ad Litem for minor plaintiff I.C.W., as Successor-in-Interest to Joseph Alan Wear, and Direct Liability Claims Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, by Plaintiff Heather Blanchard, as Guardian Ad Litem for minor plaintiff I.C.W., as Successor-in-Interest to Joseph Alan Wear)**

72.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73.     The actions committed by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 4 through 8, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff's decedent Joseph Alan Wear, and constituted a battery of him by defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, under California state law. Moreover, at all times complained of herein, defendants DE CASAS, PAWLUK and DOES 1 through 4, inclusive, were acting in the course of and within the scope of their employment with defendant County of Los Angeles.

74.     Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, are Directly Liable to minor plaintiff I.C.W. for the battery of Joseph Alan Wear pursuant to Cal. Gov't Code § 820 and otherwise pursuant to the common-law, and defendant County of Los Angeles is Vicariously Liable to minor plaintiff I.C.W. pursuant to Cal. Gov't Code §§ 815.2(a) and 820.

75.     As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, complained of herein, plaintiff's decedent Joseph Alan Wear suffered substantial general damages and physical injuries and severe physical, mental and emotional pain, suffering and distress, and special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

76.     The actions by said defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial in excess of $10,000,000.00.

## SIXTH CAUSE OF ACTION
### Negligence[6]

---

[6] Based on California state law.

**(Vicarious Liability Claim Against Defendant County of Los Angeles by Plaintiff Heather Blanchard, as Guardian Ad Litem for minor plaintiff I.C.W., in his own right and as Successor-in-Interest to Joseph Alan Wear, and Direct Liability Claims Against Defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, by Plaintiff Heather Blanchard, as Guardian Ad Litem for minor plaintiff I.C.W., in his own right and as Successor-in-Interest to Joseph Alan Wear)**

77.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.     As shown above, plaintiff's decedent, Joseph Alan Wear, who was in an obviously delusional and agitated state of mind, ran out of the United States Post Office in Los Angeles, California, followed by United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 5 through 8, inclusive.

79.     As shown above, when plaintiff's decedent ran outside of the United States Post Office, he climbed-up a tree and jumped out of the same, ran into passing automobiles, ran into a baby stroller, and proceeded to run down the street.

80.     Also as shown above, plaintiff's decedent, Joseph Wear, was in obvious need of immediate medical and psychological intervention / care / treatment, and it would have been obvious to any reasonably well-trained peace officer that he was in such need.

81.     Also as shown above, several civilians initially tackled Joseph Allen Wear and physically restrained him on the street, until defendant United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 5 through 8, inclusive, arrived at the scene, and continued physically physically restraining Joseph Allen Wear.

82.     Also as shown above, thereafter, defendants LASD deputy sheriffs

FOURTH AMENDED COMPLAINT FOR DAMAGES
22

DE CASAS, PAWLUK and DOES 1 through 4, inclusive, were also driving by the scene of the subject incident and immediately joined in with United States Postal Service Police Officers GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 5 through 8, inclusive, in restraining Joseph Alan Wear on the street.

83.     Also as shown above, the manner and method of restraint of Joseph Alan Wear by defendants DE CASAS, PAWLUK and DOES 1 through 4, inclusive, and by defendants GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 5 through 8, inclusive, by dropping-down upon him, by keeping Joseph Alan Wear pinned to the street by using their body weight(s) upon Wear, especially his head and neck area, and by otherwise grabbing, pulling and otherwise brutalizing Joseph Alan Wear, constituted the use of unreasonable force upon him; force so great that one of said civilians who had initially restrained Joseph Alan Wear told said defendants to stop brutalizing Joseph Alan Wear, because he might die from the manner that said defendants were restraining Joseph Alan Wear.

84.     Also as set forth above, said actions of said defendants directly and proximately resulted in Joseph Alan Wear's death, as shown above.

85.     Also as shown above, these acts constitute a breach of the duty of due care that all persons owe each other, and constitute a breach of the duty that police officers and deputy sheriffs are required to abide by for the care of persons who they seize or otherwise have custody or control over, pursuant to Cal. Civil Code § 1714.

86.     The use of excessive force in the course of detaining, or arresting or otherwise seizing another by a deputy sheriff or police officer, and, the failure to use due care for the physical well-being of a detainee or arrestee or a person otherwise seized by police officers and deputy sheriffs, constitutes a breach of that duty imposed upon police officers and deputy sheriffs by Cal. Civil Code § 1714.

87.    In addition to the above and foregoing, Cal. Gov't Code § 820(a) provides:

> *"Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."*

88.    In addition to the above and foregoing, Cal. Gov't Code § 815.2 provides:

> *"(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."*

89.    Also as set forth above, defendants DE CASAS, PAWLUK and DOES 1 through 4, inclusive, were acting in the course of and within the scope of their employment with defendant County of Los Angeles during all times complained of herein.

90.    Accordingly, defendant County of Los Angeles is Vicariously Liable to minor plaintiff I.C.W. for the tortious /negligent conduct complained of above, including the injuring of and the death of Joseph Alan Wear, and defendants GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 5 through 8, inclusive, and defendants Deputy Sheriffs DE CASAS, PAWLUK and DOES 1 through 4, inclusive, are Directly Liable to minor plaintiff I.C.W. for the injuries to and death of plaintiff's decedent Joseph Alan Wear.

92.    As a direct and proximate result of the actions of defendants DE CASAS, PAWLUK, GUERRERO, ECHEVARRIA, PAVON, TALABI and DOES 1 through 8, inclusive, plaintiff's decedent, Joseph Alan Wear, suffered severe physical injury, pain and suffering, and caused the death of plaintiff's decedent Joseph Alan Wear, causing minor plaintiff I.C.W., to suffer substantial special and general damages, including the loss of love, society, comfort, solace,

companionship and guidance of his father, Joseph Alan Wear, as well as special damages, including but not limited to, lost wages / profits and other income that plaintiff's decedent Joseph Alan Wear would have earned / made / acquired during his lifetime, the loss of Joseph Alan Wear's home and the other property of Joseph Alan Wear, funeral and burial expenses, hospital and other medical expenses and costs, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

93.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)    For a judgment against all defendants for compensatory damages in an amount in excess of $15,025,000.00;

b)    For a judgment against all defendants, save COUNTY for punitive damages in an amount in excess of $10,000,000.00;

c)    For an award of reasonable attorney's fees and costs;

d)    For a trial by jury; and

e)    For such other and further relief as this Honorable Court deems just and equitable.

Dated: June 4, 2021            __/s/_ Jerry L. Steering_____
                                JERRY L. STEERING, Attorney for
                                plaintiff HEATHER BLANCHARD, as
                                guardian ad litem for minor plaintiff I.C.W.