UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-02438-JVS-DFMx | Date | May 25, 2021 |
|---|---|---|---|
| Title | Heather Blanchard v. County of Los Angeles et al | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** | |
|---|---|---|
| | Lisa Bredahl | Not Present |
| | Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendants' Motion to Modify Scheduling Order and Motion to Dismiss**

    Defendants the County of Los Angeles ("Los Angeles"), Jonathan Pawluk, and Adrian de Casas (collectively, "Defendants") moved to amend the scheduling order concerning a pending motion for summary judgment and to dismiss the case. Dkt. Nos, 67, 68. Counsel for Heather Blanchard ("Blanchard") submitted a declaration in opposition to the motion to amend the scheduling order, Dkt. No. 71, and an opposition to the motion to dismiss, Dkt. No. 73. Defendants filed two statements concerning Blanchard's failure to oppose the motions in a timely manner, each of which were filed prior to Blanchard's oppositions, Dkt. Nos. 69 and 70, as well as requests that the Court strike the motions for their untimeliness. Dkt. Nos. 74 and 75.

    The Court briefly notes one issue. The oppositions to Defendants' motion were due on May 17, 2021. Counsel filed his declaration in opposition to the motion to amend the scheduling order on May 19, 2021, and the opposition to the motion to dismiss on May 21, 2021. Such conduct is inexcusable. This is not the first time that counsel in this case has failed to file materials in a timely manner. Doing so is not only disrespectful to the opposing party, but also to the Court. Counsel's lack of diligence may also impair his clients interests. The Court orders counsel for Blanchard to show cause in writing within seven days why a monetary sanction of $150 should not be imposed for failure to comply with the Local Rules.

    For the following reasons, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 10 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:19-cv-02438-JVS-DFMx    Date May 25, 2021

Title    Heather Blanchard v. County of Los Angeles et al

## I. Background

The background of this dispute is well-known to both parties. Nonetheless, the Court summarizes the procedure of the case below. The parties' original scheduling order provided the motion cutoff date as February 22, 2021. Dkt. No. 25.

On February 12, 2021, Defendants filed two motions for summary judgment in both the Wear and Blanchard proceedings, each with an original hearing date of March 15, 2021. Dkt. No. 52, Wear Dkt. No. 39[1]. Then, on February 23, 2021, the parties stipulated to continuing the hearing date to April 26, 2021. Dkt. No. 55.

On March 26, 2021, the Court granted Blanchard's *ex parte* application to continue the hearing on Defendants' motion for summary judgment. Dkt. No. 63. The application was made, in part, on the basis that counsel for Blanchard had recently discovered certain evidence that would take time to review, as well as other factors that favored a continuance. Dkt. No. 64. The Court continued the motion for summary judgment to July 26, 2021, and ordered that the opposition be filed by July 2, 2021, and the reply by July 12, 2021. Id. The Court then approved the parties' joint stipulation concerning a revised scheduling order. Dkt. No. 65.

## II. Legal Standard'

### 1. Federal Rule of Civil Procedure 16(b)

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment, not the prejudice caused to the party opposing the modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)).

### 2. Federal Rule of Civil Procedure 12(b)(6)

---

[1] When referring to the Wear case, the Court refers to 8:20-cv-00459-JVS-DFMx.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:19-cv-02438-JVS-DFMx                    Date   May 25, 2021

Title   Heather Blanchard v. County of Los Angeles et al

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**1.    Amending the Scheduling Order**

    Defendants request the following relief. First, they request that the Court advance Blanchard's and Wear's deadline to file their oppositions to Defendants' motion for summary judgment from July 2, 2021 to either June 11 or 18, 2021. Second, they request that the Court limit initial expert disclosures by precluding the use of any non-disclosed experts by Blanchard and Wear. The Court considers each request in turn.

    *I.    Advancing Blanchard's and Wear's Oppositions*

    Defendants argue that good cause exists to modify the scheduling order because, while they have been diligent, neither Blanchard nor Wear have been. Dkt. No. 67 at 7. In support of that assertion, they note how Wear did not serve any initial disclosures until almost 11 months into the proceeding and provided discovery responses nine months late. Id. The current scheduling also prejudices Defendants because although they "timely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-02438-JVS-DFMx | Date | May 25, 2021 |
| Title | Heather Blanchard v. County of Los Angeles et al | | |

filed their motions, both Plaintiffs will be provided over four (4) months to oppose Defendants' motion, whereas Defendants' will only have twelve (12) days, three (3) of which are the weekend of a national holiday, to reply to Plaintiff's oppositions." Id. at 8. Defendants will also have to file two separate responses, given that the motions for summary judgment were filed before the cases were consolidated. Id. at 8-9. Other factors favor modifying the order as well, including that Defendants' counsel will be traveling when the opposition is due, and the opposition is due during a national holiday. Id. at 9.

Counsel for Blanchard submitted a declaration in opposition. Dkt. No. 71. In that declaration, counsel states the reasons why he requested the original continuance and filed his *ex parte* request, as well as why he failed to respond to discovery requests propounded by the Defendants in a timely manner. Id. ¶¶ 15-22. He also cites certain difficulties in corresponding with counsel for Defendants. Id. ¶¶ 21-25. However, he adds that Blanchard has no opposition to continuing the motion for summary judgment to grant more time for Defendants to reply to the opposition, or even to enlarging the time to file his reply.

The Court agrees with Blanchard. The Court agreed to a revised scheduling order, submitted by joint stipulation of the parties, and will not accelerate the hearing date several months after signing that order.

Nonetheless, the Court **GRANTS** the motion subject to the following. The Court, however, will continue the hearing date on both pending motions for summary judgment to August 2nd, 2021, **keeping** the oppositions due on July 2nd, 2021, and continuing the reply deadline to July 19, 2021. The Court will not alter the scheduling order any further.

      *ii.*    *Precluding Non-Designated Experts*

In addition to the factors stated above, good cause exists to preclude the use of any non-designated experts because the original scheduling order stated an expert disclosure date of February 1, 2021, and an expert discovery cut-off on February 19, 2021. Dkt. No. 67 at 9. At the time Defendants filed their motions for summary judgment, neither Blanchard nor Wear had disclosed any experts, and had they disclosed those experts, Defendants would have been able to depose them in preparation for their motions. Id. Because they had not, Defendants would otherwise be prejudiced . Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:19-cv-02438-JVS-DFMx   Date   May 25, 2021

Title   Heather Blanchard v. County of Los Angeles et al

    Counsel for Blanchard submitted a declaration in opposition. Dkt. No. 71. In that declaration, counsel avers that he has retained a forensic pathologist who will provide a declaration in opposition to the pending motion for summary judgment, specifically going to the cause of death. Id. ¶¶ 5-7. He further argues that such a declaration is necessary to rebut the County's arguments. Id. ¶ 8. Otherwise, counsel states that the County defendants will have ample time to conduct any remaining discovery relating to this expert, as well as any other witnesses that counsel have been diligently working to locate. Id. ¶ 12.

    The Court acknowledges Defendants' situation. At the time they filed their motion, the expert disclosure date had passed. However, per the revised scheduling order, the expert discovery date has been moved to at least several months past the hearing date on the motion for summary judgment. Dkt. No. 65. Should the Defendants wish to depose these newly disclosed experts and incorporate any resulting discovery from those depositions, they may either request a continuance of the hearing date for their motion for summary judgment to enable them to incorporate those arguments in a reply, or withdraw the motion altogether and wait to refile with the additional discovery.

    Therefore, the Court **DENIES** the motion as it relates to the Defendants' request to preclude Blanchard from relying upon non-disclosed experts.

**B.  Motion to Dismiss**

    *I.  First Cause of Action (Unreasonable Force § 1983); Second Cause of Action (Substantive Due Process § 1983)*

    The County moves to dismiss the first cause of action as it is not a proper defendant. Dkt. No. 68 at 3. Blanchard agrees. Dkt. No. 73 at 7, Fn. 2 ("This Court previously dismissed Plaintiff's "Monell claims" with prejudice. . . Thus, plaintiff agrees COUNTY is not a proper defendant for Plaintiff's federal claims at this juncture."). Therefore, the Court does not consider this motion except to note that any amended complaint must reflect the Court's earlier order, Dkt. No. 50 at 5, and this order as well.

    *ii.  Third and Sixth Causes of Action (Wrongful Death and Negligence)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:19-cv-02438-JVS-DFMx    Date  May 25, 2021

Title  Heather Blanchard v. County of Los Angeles et al

    The elements of a cause of action for wrongful death are a tort, such as negligence, and resulting death. Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 806 (2010). The elements of a negligence cause of action are duty to use due care and breach of duty, which proximately causes injury. Holmes v. Summer, 188 Cal. App. 4th 1510, 1528 (2010).

    Section 815 of the California Government Code provides immunity to public entities for injuries sustained by an individual except when authorized by statute. Cal. Gov't Code § 815(a). "As that language indicates, the intent of the Tort Claims Act is to confine potential governmental liability, not expand it." Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1179 (2003). Courts have subsequently interpreted that Section 815 requires the identification of a specific statute to establish liability. de Villers v. Cty. of San Diego, 156 Cal. App. 4th 238, 252 (2007) (direct liability "requires identification of a 'specific statute declaring [the entity] to be liable, or at least creating some specific duty of care [by the agency in favor of the injured party], and not on the general tort provisions of Civil Code section 1714.'") (citing Eastburn, 31 Cal. 4th at 1183).

    Defendants argue that Blanchard fails to state a cause of action for negligence, especially given that a cause of action against a public entity must be pled with particularity. Dkt. No. 68 at 9. This includes alleging the authorizing statute that provides for government tort liability. Id. at 10. Because the TAC "simply restates and reiterates the usual statutes discussing the relationship between public entities and their employees," but does not set forth a duty owed to Blanchard, the causes of action for wrongful death and general negligence fail. Id. at 10-11. These claims also fail to state against which defendant direct versus vicarious liability is sought, which is required given that the Blanchard "Fails to cite any specific statutory duty that [the] County is *directly* liable" for the death, and otherwise, they do not state which defendants are subject to vicarious liability. Id. at 11. The Court should also deny any request for leave to amend given the number of times Blanchard has had to cure these issues. Id. at 12.

    In response, Blanchard cites certain cases from the Ninth Circuit fro the proposition that "an officer's use of excessive force may also serve as the basis for California wrongful death or negligence claims," Vos v. City of Newport Beach, 892 F.3d 1024 (9th Cir. 2018) (cleaned up), and that a law enforcement officer owes a duty of reasonable care to an arrestee in custody, Winger v. City of Garden Grove, 806 Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-02438-JVS-DFMx | Date | May 25, 2021 |
| Title | Heather Blanchard v. County of Los Angeles et al | | |

App'x 544 (2020). Blanchard adds that the TAC specifically alleges a duty in line with this case law. TAC ¶¶ 51-52, 85-86.

The Court considers Defendants' arguments in turn.

The third cause of action is stylized as a "direct and vicarious liability claim." See TAC ¶¶ 43-60. For the direct liability claim, Blanchard cites California Government Code §§ 815.2 and 820(a) as that liability. TAC ¶¶ 53-54. The TAC also alleges that the deputies actions breached the duty of care specified in California Civil Code §§ 1714 and 377.60. As to the sixth cause of action, Blanchard reincorporates the previous provisions, TAC ¶ 77, and expressly restates them as well, id. ¶¶ 87-88. The sixth cause of action is also based on California state law, but does not specify if it is predicated on direct or vicarious liability.

As to the direct liability claims for the third cause of action and the sixth cause of action, the Court agrees with the County. To state a cause of action, every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty. Susman v. Los Angeles, 269 Cal. App. 2d 803, 808 (1969). Since the duty of a governmental agency can only be created by statute, the statute claimed to establish the duty must be identified. Searcy v. Hemet Unified Sch. Dist., 177 Cal. App.3d 792, 802 (1986).

Blanchard has failed to cite a specific authorizing statute other than the section 815.2(a), which provides the general rule for vicarious liability, and section 820(a), which requires the existence of an authorizing statute. These are insufficient to demonstrate the necessary "statutorily imposed duty." De Villers v. County of San Diego, 156 Cal. App. 4th 239. 255-56 (2007). "As no statute made a public entity liable for this type of negligence, no direct liability could be established . . .." C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 875 (2012)

Moreover, Blanchard's citation to Vos and Winger fares no better. Wagner considered whether an officer owes a duty of reasonable care to an arrestee in his custody, but did not speak to whether a County can be directly liable for that conduct. Winger, 806 F. App'x at 545. Vos similarly considered the appropriate test to determine whether use of deadly force was reasonable, but did not speak to the same issue, whether a County can be directly liable for that conduct. Vos, 892 F.3d at 1037.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-02438-JVS-DFMx | Date | May 25, 2021 |
| Title | Heather Blanchard v. County of Los Angeles et al | | |

Therefore, the Court **GRANTS** the motion as it relates to the *direct* claim of liability in the third cause of action, without leave to amend, and the sixth cause of action altogether, with leave to amend. From the Court's review, any attempt to save the direct claim of liability in the third cause of action would be futile, given that Blanchard has had ample chance to identify an authorizing statute establishing liability. As to the sixth cause of action, Blanchard may be able to allege a claim predicated on vicarious liability.

The Court next considers the vicarious liability claim for the third cause of action.

Here, the Court disagrees with the County. Public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." Cal. Gov't Code § 815.2(a). "Thus, the general rule is that public entities are generally liable for the torts of their employees to the same extent as private employers." State ex rel. Dep't of Cal. Highway Patrol v. Super. Ct., 60 Cal. 4th 1002, 1009 (2015). "When assessing a claim for vicarious liability against a governmental employer based on the acts or omissions of its employee, a court must examine whether the employee who acted or failed to act would have been personally liable for the injury." De Villers, 156 Cal. App 4th at 249. The allegations in the TAC set forth a basis for personal liability as to the individual defendants.

Munoz v. City of Union City is on point.[2] In Munoz, the court found that the relatives of a woman shot by police (who were responding to the woman's erratic behavior) could maintain an action for vicarious liability against the city for the officer's unreasonable use of deadly force, but rejected a theory of direct liability given the absence of an authorizing statute. See generally, id.. The same reasoning is applicable here.

Therefore, the Court **DENIES** the motion as it relates to the vicarious liability claim in the third cause of action.

  iii. *Fourth Cause of Action (Bane Act § 52.1); Fifth Cause of Action (Battery)*

---

[2] 120 Cal. App. 4th 1077 (2004), opinion modified on denial of reh'g (Aug. 17, 2004), and disapproved of on other grounds by Hayes v. Cty. of San Diego, 57 Cal. 4th 622 (2013).

| | | |
|---|---|---|
| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 8 of 10 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:19-cv-02438-JVS-DFMx     Date  May 25, 2021

Title    Heather Blanchard v. County of Los Angeles et al

    The County also moves to dismiss the fourth and fifth causes of action against it on the same grounds that it moved to dismiss the third and sixth, namely, failure to allege an authorizing statute creating tort liability. Dkt. No. 68 at 7. Blanchard's TAC alleges California Gov't Code §§815.2(a), 815.6, 820, 820.8 as the bases for tort liability for both claims. TAC ¶¶ 68, 74. The Court considers each statute in turn to determine whether they authorize any liability.

    In response, Blanchard argues that while California Government Code § 815.2 imposes liability on counties when the public employee would be liable as well under a theory of vicarious liability. Dkt. No. 73 at 7 (citing Cameron v. Craig, 713 F.3d 1012, 1023-24 (9th Cir. 2013)). Therefore, "if individual Defendants are liable or [sic] a violation of § 52.1," the County could equally be liable. Id. at 8.

    As discussed above, section 815.2 states the general rule for vicarious liability and does not create tort liability, and therefore, cannot be a basis for tort liability as well. Section 815.6 provides a statutory basis for direct liability of a public entity and states: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal Gov't Code § 815.6. However, it itself does not create a duty. Therefore, it cannot itself be a basis for direct liability. Finally, section 820 provides individual liability for public employees, not liability for their employer. Cal Gov't Code § 820.

    From the complaint, it is unclear whether Blanchard is pursuing a direct liability or vicarious liability claim as to the County for the fourth and fifth causes of action. To the extent that a direct liability claim is alleged, the complaint fails to state an authorizing statute. While it is possible to allege a vicarious liability claim against the City or County, see e.g. Galindo v. City of San Mateo, No. 16-CV-03651-EMC, 2016 WL 7116927, at *7 (N.D. Cal. Dec. 7, 2016) (finding that a city can be held vicariously liable for a properly stated Bane Act claim alleged against the individual defendants), the TAC is unclear.

    Therefore, the Court **GRANTS** the motion, with leave to amend.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-02438-JVS-DFMx | Date | May 25, 2021 |
| Title | Heather Blanchard v. County of Los Angeles et al | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion in part and **DENIES** the motion in part. Hearing set for June 7, 2021 is VACATED.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |