**RICKEY IVIE (S.B.N.: 76864)**
rivie@imwlaw.com
**ANTONIO KIZZIE (S.B.N.: 279719)**
akizzie@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028; Fax (213) 489-0552

Attorneys for Defendants, County of Los Angeles, et.al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BLANCHARD, as guardian ad litem for minor plaintiff I.C.W., successor in interest to Joseph Alan Wear, and DONNELLE WEAR, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE UNITED STATES OF AMERICA, et.al.<br><br>    Defendants. | SACV19-02438JVS (DFMX)<br><br>*Consolidated with*<br><br>SACV19-00459JVS(DFMX)<br><br>**DEFENDANT COUNTY OF LOS ANGELES' OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84; DECLARATION OF ANTONIO K. KIZZIE**<br>[*Proposed Order Filed Herewith/ Originally filed on July 12, 2021 as Dkt. 95*]<br><br>**Date:** November 1, 2021<br>**Time:** 1:30 p.m.<br>**Dept.** 10C |

**TO THE HONORABLE COURT, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:**

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 1 –**

PLEASE TAKE NOTICE that Defendants County of Los Angeles, Deputy Jonathan Pawluk, and Deputy Adrian De Casas ("Defendants," collectively), hereby respectfully object to the Honorable U.S. Magistrate Judge Douglas F. McCormick's June 28, 2021 Order granting Plaintiff Donnelle Wear's ("Plaintiff") Motion for Relief from Requests for Admission Being Deemed Admitted. See generally Dkt. 80 and 84.

This motion and objection was originally timely filed on July 12, 2021. *See generally* Dkt. 95. However and after no response from the Court, Defendants' counsel inquired as to the status, and was informed by the Court's Clerk on August 25, 2021 to re-file the instant objection as a motion. On August 27, 2021, Defendants' counsel began a jury trial that recently concluded on September 21, 2021.

This motion and objection is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matter which may be presented at or before the hearing on this Application.

Dated: September 30, 2021

                                          **IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By: /s/ *Antonio K. Kizzie* _____
**RICKEY IVIE**
**ANTONIO K. KIZZIE**
**Attorneys for Defendant,**
**COUNTY OF LOS ANGELES**
**DEPUTY JONATHAN PAWLUK**
**DEPUTY ADRIAN DE CASAS**

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 2 –**

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES …………………………..1

I.     INTRODUCTION …………………………………………………………..1

II.    AUTHORITY ……………………………………………………………….1

III.   DISCUSSION ……………………………………………………………….4

DECLARATION OF ANTONIO K. KIZZIE ………………………………………12

# TABLE OF AUTHORITIES

**Cases**

*999 v. C.I.T. Corp.*,
776 F.2d 866, 869 (1985) ............................................................................... 3

*Baker v. Potter*,
212 F.R.D. 8, 11 (D.D.C. 2002) ..................................................................... 2

*Branch Banking and Trust Co. v. Deutz-Allis Corp.*,
120 F.R.D. 655, 659 (E.D.N.C. 1988) ........................................................ 3, 5

*Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*,
123 F.R.D. 97, 106 (D.Del. 1988) .............................................................. 3, 5

*Conlon v. United States*,
474 F.3d 616, 625 (9th Cir. 2007) .............................................................. 3, 9

*Federal Trade Comm'n v. Medicor*, LLC
(CD CA 2002) 217 F.Supp.2d 1048, 1053 .................................................... 2

*Hadley v. United States*,
45 F.3d 1345, 1348 (9th Cir. 1995) ............................................................ 4, 7

*O'Bryant v. Allstate Ins. Co.*
(D CT 1985) 107 FRD 45, 48 ........................................................................ 2

*O'Neill v. Medad*,
166 F.R.D. 19, 22-23 (E.D. Mich. 1996) ....................................................... 3

*Quasius v. Schwan Food Co.*
(8th Cir. 2010) 596 F.3d 947, 952 ................................................................. 2

*U.S. v. Golden Acres,*
684 F.Supp. 96, 97-98 (D.Del. 1988) ............................................................ 3

**Rules**

Federal Rule of Civil Procedure 72(a) ............................................................... 1

Federal Rule of Civil Procedure 36 ........................................................... 2, 3, 9

Federal Rule of Civil Procedure 36(b) .......................................................................3, 10

Federal Rule of Civil Procedure 26 ....................................................................................... 6

Federal Rule of Civil Procedure 36(a)(3) ........................................................................... 2

Local Rule 72-2.1 ..................................................................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.	INTRODUCTION

This case arises out of an incident that occurred on December 7, 2018 at the United State Post Office located at 7101 South Central Ave. in Los Angeles, CA. The incident involved Mr. Joseph Alan Wear ("Mr. Wear," or "Decedent"), United States Post-Office police officers ("U.S. Post Office Officers"), Los Angeles Police Department Officers ("LAPD"), and Defendant Los Angeles County Sheriff's Department Deputy Adrian De Casas ("Deputy De Casas") and Deputy Jonathan Pawluk ("Deputy Pawluk"), all of whom were summoned due to Mr. Wear's undisputed erratic and aggressive behavior with members of the public. During handcuffing, Mr. Wear became unresponsive, and was transported to UCLA Harbor City Hospital, where he died. On December 17, 2018, Los Angeles County Coroner Department Deputy Medical Examiner Matthew D. Miller, MD conducted Mr. Wear's autopsy and determined that Mr. Wear died of "methamphetamine toxicity."

On June 28, 2021, the Honorable U.S. Magistrate Judge Douglas F. McCormick ("Magistrate Judge McCormick") granted Plaintiff Donnelle Wear's ("Plaintiff Wear") motion to withdraw admissions that were untimely by nearly a year. *See generally* **Exhibit 1**- Dkt. 84. Defendant County hereby respectfully objects to Magistrate Judge McCormick's order for the reasons set forth herein, and requests that the District Court review and vacate said order.

## II.	AUTHORITY

L.R. 72-2.1 Motions for Review of Nondispositive Rulings states, "Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a

written ruling, or within fourteen (14) days of service of a written ruling."

It is well-established that failure to timely respond to RFAs results in *automatic admission* of the matters requested. FRCP 36(a)(3); *O'Bryant v. Allstate Ins. Co.* (D CT 1985) 107 FRD 45, 48; *Federal Trade Comm'n v. Medicor*, LLC (CD CA 2002) 217 F.Supp.2d 1048, 1053 (citing text)] Rule 36(b) of the Federal Rules of Civil Procedure provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

A motion to compel admissions (or to establish the admissions) is unnecessary. The rule is self-executing. FRCP 36(a)(3) Once admitted, the matter is conclusively established "unless the court, on motion, permits the admission to be withdrawn or amended" pursuant to Rule 36(b); *Quasius v. Schwan Food Co.* (8th Cir. 2010) 596 F.3d 947, 952(delayed response to RFAs (not filed with court) could not be construed as motion to withdraw admissions)

In other words, once a party has responded to a request for admission, such response is "conclusively binding." Fed. R. Civ. P. 36, Advisory Committee Notes, 1970 Amendments. "Unless a party securing an admission can depend on its binding effect, [it] cannot safely avoid the expense of preparing to prove the very matters on which [it] has secured the admission, and the purpose of the rule is defeated." *Id*. The point of Rule 36(b) is to remove issues from dispute, and to "define and limit the matters in controversy between the parties." *Baker v. Potter*, 212 F.R.D. 8, 11 (D.D.C. 2002). This conclusive effect of Rule 36 is intentional, because "if it were otherwise, the party that obtained the admission could not 'safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule [would be] defeated.' " *Id*. (citing Advisory Committee Notes to FRCP 36).

It is well-settled that a party cannot obtain withdrawal of its admissions

unless a motion to withdraw is filed ***promptly***. *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 123 F.R.D. 97, 106 (D.Del. 1988) (Denying motion for leave to withdraw admissions where defendant failed to promptly bring motion, discovery in the case was closed, and trial was less than one month away); *Branch Banking and Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 659 (E.D.N.C. 1988) ("Prejudice aside, withdrawal of an admission should not be permitted unless the party seeking relief was careful in making the admission and diligent in asking for its withdrawal.") (citation omitted).

The reason for this rule is that, unless the motion is filed ***promptly***, there is a serious risk that the opposing party, as here, will rely upon the parties' admissions to prepare its case. Id.; *see also U.S. v. Golden Acres,* 684 F.Supp. 96, 97-98 (D.Del. 1988) (denying motion to withdraw admissions because plaintiff had relied on admissions in summary judgment briefing and motion to withdraw was made 11-days before trial).

Indeed, these policy considerations are precisely why the Ninth Circuit has explicitly advised the lower courts to be very cautious about permitting withdrawal of discovery admissions. "Trial courts are advised to be cautious in exercising the discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (1985) (citation omitted): see also *O'Neill v. Medad*, 166 F.R.D. 19, 22-23 (E.D. Mich. 1996).

The Court, in its discretion, may permit the *promptly* moving party to withdraw or amend its admissions if doing so: (1) would serve the presentation of the case on the merits and (2) would not prejudice the party obtaining the admissions. Fed. R. Civ. P. 36(b). Even if the Court finds that both factors are satisfied, it is not required to grant relief. *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007).

The first half of the test in Rule 36(b) is satisfied when upholding the admission would "practically eliminate any presentation of the merits of the case."

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 3 –**

*Hadley*, 45 F.3d at 1348 (9th Cir. 1995). The prejudice proposed by Rule 36(b) "relates to the difficulty a party may face in proving its cause, e.g., caused by the unavailability of key witnesses, *because of the sudden need to obtain evidence with respect to the questions previously deemed admitted*." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

### III. <u>DISCUSSION</u>

It is difficult to conceive of a circumstance that more directly implicates the policy considerations enunciated by the Ninth Circuit than the instant one. Defendant County's Requests for Admissions to Plaintiff Donnelle Wear ("Plaintiff Wear"), Set One were served via overnight mail on **May 14, 2020. Exhibit 2.**

Accordingly, Plaintiff's responses were due on **June 13, 2020**, but not served until **March 8, 2021**, days before Plaintiff Wear's deposition. **Kizzie Decl. ¶   ; Exhibit 3, 4.**

On, **February 12, 2021**, Defendants filed a Motion for Summary Judgment ("MSJ"), *clearly referencing Plaintiff's established admissions*, and counsel for the parties met and conferred, again, regarding Plaintiff's admissions *on* **February 19, 2021**. *See generally* Dkt. 39 ("Defs' MSJ") pg. 3; *see also* **Exhibit 5.**

On **March 26, 2021**, the Court issued an order *limiting discovery* solely pertaining to an erroneously delayed disclosure of a Snapchat video. *See* **Exhibit 6**-Dkt. 63 (" The parties shall work cooperatively to accomplish any additional discovery necessitated by the defendants' recent disclosures. *There will no wholesale reopening of discovery*.")

On **June 2, 2021**, over **nearly a year** after Plaintiff Wear's responses due date, **four months after** Defendants' MSJ was filed and after the parties met and conferred regarding Plaintiff's admissions, and **three (3) months after** Plaintiff Wear's March 18, 2021 deposition, **three (3) months after** the Court's March 26, 2021 order *limiting discovery to the Snapchat video*, Plaintiff Wear filed a motion to

withdraw Plaintiff's conclusively established admissions. *See generally* Dkt. 80.

On June 28, 2021, the Honorable U.S. Magistrate Judge Douglas F. McCormick ("Magistrate Judge McCormick") granted Plaintiff Wear's motion. *See generally* **Exhibit 1**- Dkt. 84.

Defendants' Objection and request for review is made upon the following grounds:

1. Plaintiff's motion for withdraw was not *prompt nor diligent* as it was not filed until *nearly a year later* on **June 2, 2021** (*See* Dkt. 80), and Plaintiff did not serve Plaintiff's responses to Defendants' Requests for Admission, nor any other discovery, *until* **March 8, 2021,** a mere ten (10) days before Plaintiff's **March 18, 2021** deposition to Defendants' inherent prejudice. **Exhibit 7**; *see also Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 123 F.R.D. 97, 106 (D.Del. 1988) (Denying motion for leave to withdraw admissions where defendant failed to promptly bring motion, discovery in the case was closed, and trial was less than one month away); *Branch Banking and Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 659 (E.D.N.C. 1988) ("Prejudice aside, withdrawal of an admission should not be permitted unless the party seeking relief was careful in making the admission and diligent in asking for its withdrawal.");

2. Indeed, even after allegedly being first aware of Plaintiff's failure to respond to Defendants' Requests for Admissions *in February 2020* as set forth in Plaintiff's counsels, Peter Carr's, Declaration (**Exhibit 8**- Dkt. 41), Plaintiff still did not move for withdrawal of Plaintiff's admissions until June 2020, *more than three months later*.

3. Plaintiff is not entitled to nor merits withdrawal of Plaintiff's admissions because Plaintiff's have *repeatedly* demonstrated an unreasonable pattern of an egregious lack of diligence and non-compliance with federal discovery and litigation procedures disrespectful to the Court, Code, and to

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 5 –**

Defendants' inherent prejudice as set forth herein:

a. Plaintiff I.C.W. was sanctioned and compelled to produce discovery responses in July 2020 (**Exhibit 9**- Dkt. 40)

b. Plaintiff Wear did not respond to *any* of Defendants' discovery until nearly a year after said discovery was due. **Exhibit 3**

c. Although Defendants' served FRCP 26 Initial Disclosures in May 2020 Plaintiff Wear did not serve *any* initial disclosures until *February 2021*. **Exhibit 10**

d. Plaintiffs have *twice* requested that the Court continue the hearing date on Defendants' timely filed MSJ to Plaintiffs could conduct further discovery despite having nearly a year to do so (*See generally* Dkt. 54, 56);

e. Plaintiff I.C.W. was sanctioned, again, for untimely filings (Dkt. 78), etc. **Exhibit 11**

Here and for temporal context showing the egregiousness of Plaintiff's discovery misconduct as the Court decides this motion, the Court must note that the subject discovery and Plaintiff's failure to respond took *place during the Court's original August 13, 2020 scheduling order* with the following deadlines:

**1.** Discovery Cut-Off: January 27, 2021;

**2.** Motion Filing Cut-Off: February 22, 2021;

**3.** Trial: May 11, 2021. *See generally* Dkt. 25- **Exhibit 12.**

Here and *in compliance with* the Court's Scheduling order, Defendant filed the instant pending MSJ *on February 12, 2021* based, in part, on Plaintiff's admissions. *See generally* Dkt. 39. Defendants have relied upon Plaintiff's admissions and prepared both their one (1) and only allowed attempt at summary judgment *and* trial strategy, evidence presentation and examination. **Kizzie Decl.**

How is the integrity of the United States federal courts, integrity of the Federal Code of Civil Procedure, and integrity of the legal profession/practice in federal courts served and maintained by repeatedly tolerating and, in fact, rewarding the aforementioned conduct? Further, how is such maintained by rewarding the aforementioned outright sloppy and noncompliant conduct while punishing and prejudicing litigants and counsel who do comply?

Here, Plaintiff is *not* in *pro per*, *but is represented by counsel*, who should be held to a minimum standard of competence, compliance, and respect for the Court and federal civil procedure. Here, Plaintiff's litigation conduct and compliance in this action has been well below what a federal court should allow, and non-conforming with federal rules of civil procedure, and does not merit, yet another, drastic and unmerited act of leniency by the Court to Defendants' inherent prejudice, whom has fully and timely complied with the aforementioned and timely conducted discovery and moved for summary judgment dating as far back as to the Court's original scheduling order.

**4.** The prejudice proposed by Rule 36(b) "relates to the difficulty a party may face in proving its cause, e.g., caused by the unavailability of key witnesses, *because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.*" *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

Here, Withdrawal of Plaintiff's admissions under the umbrella of the Court's March 26, 2021 *limited discovery order* and solely pertaining to the Snapchat video and after Plaintiff's deposition is inherently unreasonable and inherently prejudices Defendants as cannot now conduct discovery regarding information in support of Plaintiff's denials/now withdrawn admissions. See Dkt. 63 ("The parties shall work cooperatively to accomplish any additional discovery necessitated by the defendants' recent disclosures. *There will no wholesale reopening of discovery*.")

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 7 –**

Withdrawal of Plaintiff's admissions inherently prejudices Defendants and should not be permitted as it will naturally then require a "wholesale reopening of discovery" as to the evidence, witnesses, etc. in support of Plaintiff's new 11th hour denials.

Indeed, Plaintiff's motion declaration arguably misled the Honorable Magistrate McCormick by stating, "Additionally, Defendants have plenty of time to investigate Plaintiff's claims and prove their case as trial has been continued. [**Exhibit 13**; *See* Dkt No. 65]" despite knowing or having reason to know the Court's *limited discovery order* pertaining only to the Snapchat video. "No," Defendants do not "have plenty of time to investigate Plaintiff's claims" based on new withdrawal of admissions because discovery is closed, with *only limited* discovery.

5. In reliance on the conclusively established admissions, Defendants did not pursue further discovery on certain matters or even retain certain experts because some facts were conclusively established. Thus, there was no need, and such would just result in further, unnecessary, expenditure of taxpayer dollars. **Kizzie Decl. ¶**

There were 180 requests for admission propounded. **Exhibit 2**. It is unreasonable and a waste of the Court's time for Defendant to go through each and state what additional discovery Defendants' counsel would have done for each denial. However, just a few examples are the below facts once admitted, *which are now withdrawn and denied*, that because Plaintiff's admissions were withdrawn after the Court's limited discovery order, effectively the close of discovery, Defendants cannot now obtain further discovery, ex. serve further interrogatories, conduct further deposition testimony, etc. regarding the basis of *Plaintiff's* denials to the following key issues/Requests for Admission without disrupting, yet again, the Court's scheduling order, proceedings, filings, pending MSJ, etc.:

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 8 –**

      **a)**    **REQUEST FOR ADMISSIONS NO. 32**- Admit that the DECEDENT violently struggled with the Defendants during the INCIDENT.

      **b)**    **REQUEST FOR ADMISSIONS NO. 34**-Admit that the DECEDENT violently resisted the Defendants efforts to detain him during the INCIDENT.

      **c)**    **REQUEST FOR ADMISSIONS NO. 38**- Admit that the DECEDENT ignored the DEFENDANTS' orders.

      **d)**    **REQUEST FOR ADMISSIONS NO. 40**- Admit that the DECEDENT resisted the DEFENDANTS' attempts to handcuff him.

      **e)**    **REQUEST FOR ADMISSIONS NO. 74-** Admit that handcuffing by Sheriff's deputies did not cause Joseph Alan Wear's death.

      **f)**    **REQUEST FOR ADMISSIONS NO. 78**-Admit that you have no personal knowledge of facts to support your contention that handcuffing by Sheriff's deputies caused Joseph Alan Wear's death.

      **g)**    **REQUEST FOR ADMISSIONS NO. 79-** Admit that you do not have the names, addresses, and telephone numbers of any people who have knowledge of any facts which support your contention that handcuffing by Sheriff's deputies caused Joseph Alan Wear's death.

      **h)**    **REQUEST FOR ADMISSIONS NO. 81**- Admit that you do not know if Sheriff's deputies caused Joseph Alan Wear's death.

      **i)**    **REQUEST FOR ADMISSIONS NO. 82**- Admit that you do not know if United States Postal Inspectors/police officers' conduct caused Joseph Alan Wear's death.

      **j)**    **REQUEST FOR ADMISSIONS NO. 83**- Admit that you do not know who caused Joseph Alan Wear's death.

      **k)**    **REQUEST FOR ADMISSIONS NO. 90**- Admit that the Decedent ran away from the Defendants during the incident.

      **l)**    **REQUEST FOR ADMISSIONS NO. 93**- Admit that the Decedent was responsible for his own death.

      **m)**    **REQUEST FOR ADMISSIONS NO. 178**- Admit that Decedent died from methamphetamine toxicity. **Exhibit 2, 4**

      **6.**    Here, Plaintiff also does not meet Fed. R. Civ. P. 36(b) test, and even if the Court finds that both factors are satisfied, it is not required to and Plaintiff's aforementioned conduct shows the Court should not grant relief. *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007). The Court, in its discretion, may permit the moving party to withdraw or amend its admissions if doing so: (1) would serve

the presentation of the case on the merits and (2) would not prejudice the party obtaining the admissions. Fed. R. Civ. P. 36(b).

Here, Plaintiff's presentation of the case on the merits would *not* be "practically eliminated" by maintaining Plaintiff's admissions because, as shown in Defendants' Initial Disclosures and in discovery taken during the case including depositions of civilian witnesses, Plaintiff obviously has numerous percipient witnesses whom, unlike Plaintiff, have first-hand knowledge of the incident and may support or further disprove Plaintiff's allegations, including potential expert witnesses who also may or may not support Plaintiff's allegations.

As to the prejudice facing Defendants, Defendants reincorporate Defendants' aforementioned arguments, authorities, evidence, and facts as to why and how Defendants would be prejudiced by withdrawal of Plaintiff's admission. Contrary to Plaintiff's representations, "no," Defendants do not "have plenty of time to investigate Plaintiff's claims" based on new withdrawal of admissions because discovery is closed, with *only limited* discovery being allowed *solely* regarding the subject Snapchat video.

Here and in compliance with the Court's Scheduling order, Defendant filed the instant pending MSJ *on February 12, 2021* based, in part, on Plaintiff's admissions. *See generally* Dkt. 39. Defendants have relied upon Plaintiff's admissions and prepared both their one (1) and only allowed attempt at summary judgment *and* trial strategy, evidence presentation and examination. **Kizzie Decl. ¶ 11.**

Here, the submitted Declaration of Plaintiff's counsel, Mr. NaShaun Neal ("Mr. Neal") even admits such herein stating, "Defendant opposed the motion because their motion for summary judgment was based on the admissions. (Neal Decl. ¶5.)" Further, withdrawing Plaintiff's admissions at this egregiously late juncture would irreparably prejudice Defendants' rights to move for summary

judgment rendering the instant MSJ unworkable/indecipherable for reply by Defendants and decision by the Court.

Such would potentially require unnecessary expenditure of judicial time and resources including party resources should Defendants then require to redraft, resubmit and the Court reconsider a second and new MSJ without Plaintiff's admissions.

Here, Plaintiff's aforementioned conduct during this litigation erodes the truth that there is no legitimate excuse for such a delay. The prejudice to the party obtaining the admissions is well established. Under these circumstances and if there is to be any duty or standards of diligence imposed on litigants and upholding the requirements of FRCP 36 at all, Plaintiff's motion to withdraw Plaintiff's admissions *must* be denied, and the order granting said motion vacated. See *Coca-Cola*, 123 F.R.D. at 106; *Golden Acres*, 684 F.Supp. at 97-98.

Dated: October 1, 2021          **IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By:    _/S/ Antonio K. Kizzie_____
**RICKEY IVIE**
**ANTONIO KIZZIE**
Attorneys for Defendants,
County of Los Angeles,
Deputy Adrian De Casas
Deputy Jonathan Pawluk

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 11 –**

# DECLARATION OF ANTONIO K. KIZZIE

**I, ANTONIO K. KIZZIE, declare and state as follows:**

1. I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court. I am a senior associate with the law firm of Ivie McNeill Wyatt Purcell and Diggs, APLC attorneys of record for Defendants COUNTY OF LOS ANGELES, et.al. in this case. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. This declaration is made in support of **DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, ADJUDICATION.**

3. On June 28, 2021, the Honorable U.S. Magistrate Judge Douglas F. McCormick ("Magistrate Judge McCormick") granted Plaintiff Donnelle Wear's ("Plaintiff Wear") motion to withdraw admissions that were untimely by nearly a year, a true and correct copy of which is attached hereto as **Exhibit 1**- Dkt.

4. Defendant County's Requests for Admissions to Plaintiff Donnelle Wear ("Plaintiff Wear"), Set One were served via overnight mail on May 14, 2020, a true and correct copy of which is attached hereto as **Exhibit 2**.

5. Plaintiff's responses were due on *June 13, 2020*, but not served until *March 8, 2021*, a true and correct copy of which are attached hereto as **Exhibit 3.** A true and correct copy of the proof of service is attached hereto is **Exhibit 4**.

6. Defendant's *February 12, 2021* filed MSJ clearly references Plaintiff's admissions, and counsel for the parties met and conferred, again, regarding Plaintiff's admissions *on February 19, 2021*. *See generally* Dkt. 39 ("Defs' MSJ") pg. 3; *see also* **Exhibit 5**, a true and correct copy of the February 19, 2021 correspondence.

7. On March 26, 2021, the Court issued an order *limiting discovery* solely pertaining to an erroneously delayed disclosure of a Snapchat video, a true and correct copy of which is attached hereto as **Exhibit 6**- Dkt. 63.

8. Plaintiff's deposition was March 18, 2021. A true and correct copy of the notice is attached hereto as **Exhibit 7.**

9. Even after allegedly being first aware of Plaintiff's failure to respond to Defendants' Requests for Admissions in February 2020 as set forth in Plaintiff's counsels, Peter Carr's, Declaration **(Exhibit 8**- Dkt. 41), Plaintiff still did not move for withdrawal of Plaintiff's admissions until June 2020, more than three months later.

10. Plaintiff I.C.W. was sanctioned and compelled to produce discovery responses in July 2020, a true and correct copy of the ruling is attached hereto as **Exhibit 9**- Dkt. 40.

11. Defendants served Defendants' Initial Disclosures *on May 21, 2020*, but Plaintiff Wear did not serve *any* initial disclosures *until February 23, 2021*, a true and correct copy of both are attached hereto as **Exhibit 10.**

12. On May 25, 2021, Plaintiff I.C.W. was sanctioned, again, for untimely filings (Dkt. 78), etc. which is attached hereto as **Exhibit 11.**

13. A true and correct copy of the Court's scheduling order in effect at the relevant timeframe Plaintiff's discovery responses were due is attached hereto as **Exhibit 12**.

---

**DEFENDANT'S OBJECTION AND MOTION FOR REVIEW OF THE HONORABLE MAGISTRATE JUDGE DOUGLAS F. MCCORMICK'S ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM REQUEST FOR ADMISSION BEING DEEMED ADMITTED, DKT. 84 - 13 –**

14. A true and correct copy of excerpts of Plaintiff's Motion to Withdraw Admissions stating "Additionally, Defendants have plenty of time to investigate Plaintiff's claims and prove their case as trial has been continued" are attached hereto as **Exhibit 13**.

15. Defendants have relied upon Plaintiff's admissions and prepared both their one (1) and only allowed attempt at summary judgment *and* trial strategy, evidence presentation, and examination. Defendants did not pursue further discovery on certain matters or even retain certain experts *because* some facts were conclusively established, there was no need, and such would just result in further, unnecessary, expenditure of taxpayer dollars.

16. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This Declaration was originally executed on July 9, 2021 in Los Angeles, California, and is executed again on September 30, 2021.

> */s/ Antonio K. Kizzie*
> **ANTONIO K. KIZZIE,**
> **Declarant**