TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL LA SCALA (Cal Bar No. 186939)
SARAH QUIST (Cal. Bar No. 288264)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2467 / 0609
    Facsimile: (213) 894-7819
    E-mail: Paul.LaScala@usdoj.gov
    E-mail: Sarah.Quist@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HEATHER BLANCHARD, as guardian ad litem for minor child I.C.W., successor in interest to Joseph Alan Wear, and DONNELLE WEAR;<br><br>    Plaintiffs,<br>v.<br>COUNTY OF LOS ANGELES; Does 1-10 inclusive; ADRIAN DE CASAS, Deputy Sheriff; JONATHAN PAWLUK, Deputy Sheriff, CESAR GUERRO JAVIER ECHEVARRIA, United States Postal Service Postal Inspector / Police Officer; JOSEPH PAVON, United States Postal Service Postal Inspector / Police Officer; F. TALABI, United States Postal Service Postal Inspector / Police Officer;<br><br>    Defendants.<br><br>*consolidated with* | Case No: 8:19-CV-02438-JVS-DFM (*consolidated with* 20-CV-00459-JVS-DFMx and 21-CV-0937-JVS-DFMx)<br><br>**Notice of Motion and Motion for Partial Dismissal**<br><br>[Memorandum of points and authorities and proposed order filed concurrently]<br><br>Hearing: August 22, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 10C<br>    Ronald Reagan Federal<br>    Building and U.S. Courthouse<br>    411 West 4th Street<br>    Santa Ana, CA 92701-4516<br><br>Honorable James V. Selna<br>United States District Judge |

HEATHER BLANCHARD, as guardian ad litem for minor child I.C.W., successor in interest to Joseph Alan Wear,

          Plaintiff,

          v.

UNITED STATES OF AMERICA, and DOES 1 through 50, inclusive

          Defendants.

# TABLE OF CONTENTS

page

I. Introduction ................................................................................................ 1
II. Background ................................................................................................ 2
    A. Mr. Wear tries to assault a baby, vehicles, and motorists and is tackled by civilians. .................................................................................. 2
    B. This action has been consolidated with two other actions. ........................ 2
III. Standards on Motion to Dismiss ................................................................ 3
    A. Rule 12(b)(1), Lack of Subject Matter Jurisdiction ..................................... 3
    B. Rule 12(b)(6), Failure to State a Claim ...................................................... 3
IV. Argument ................................................................................................... 4
    A. The Court should dismiss Blanchard's Bane Act claim. ............................. 4
        1. The FTCA does not waive the United States' sovereign immunity for constitutional tort claims. ............................................... 4
        2. Blanchard's Bane Act claim is also outside the scope of the FTCA because it could not be brought against a private person. ....... 7
        3. Even if Blanchard's Bane Act claim was not beyond the Court's jurisdiction, Blanchard has failed to allege sufficient facts to state a claim under that statute. ........................................... 10
    B. The Demand for Attorney's Fees and Punitive Damages Should Be Stricken. .................................................................................................... 11
    C. Plaintiff is Not Entitled to a Jury Trial Under the FTCA ............................ 12
    D. Doe Defendants Should Be Dismissed. ................................................... 12
V. Conclusion ............................................................................................. 133

# TABLE OF AUTHORITIES

page(s)

**Federal Cases**

*Allen v. Gold Country Casino,*
464 F.3d 1044 (9th Cir.2006) .................................................................... 8-9

*Allen v. Veterans Admin.,*
749 F.2d 1386 (9th Cir.1984) ....................................................................... 13

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................... 4, 5

*Chadd v. United States,*
794 F.3d 1104 (9th Cir. 2015) ......................................................................... 5

*Colony First Fed. Sav. & Loan Ass'n v. Fed. Sav. & Loan Ins. Corp.,*
643 F. Supp. 410 (C.D. Cal. 1986) ................................................................. 5

*Diego Rivera-Cazquez v. Unknown U.S. Customs,*
2016 WL 1743379 (S.D. Cal. May 2, 2016) ................................................. 9

*Dillard v. U.S. Dep't of Justice,*
2013 WL 754781 (N.D. Ala. Feb. 25, 2013) ................................................. 6

*District of Columbia v. Heller*,
554 U.S. 570 (2008) ....................................................................................... 4

*Edmonson v. Leesville Concrete Co.,*
500 U.S. 614 (1991) ....................................................................................... 9

*F.D.I.C. v. Meyer,*
510 U.S. 471 (1994) ............................................................................... 6, 7, 9

*FTCA." Anderson v. United States,*
127 F.3d 1190 (9th Cir. 1997) ....................................................................... 12

*Han v. Cty. of Los Angeles,*
2016 WL 2758241 (C.D. Cal. May 12, 2016) ............................................. 11

*Hernandez v. United States,*
939 F.3d 191 (2d Cir. 2019) ...................................................................... 6, 9

*Kent v. Cal. Dep't of Consumer Affairs,*
  2011 WL 2580382 (E.D. Cal. June 28, 2011) ............................................................. 6-7

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
  511 U.S. 375 (1994) ....................................................................................................... 3

*Lehman v. Nakshian,*
  453 U.S. 156 (1981) ..................................................................................................... 12

*Lewis v. Mossbrooks,*
  788 F. App'x 455 (9th Cir. 2019) ........................................................................... 7, 8, 9

*McMahon v. United States,*
  342 U.S. 25 (1951) ......................................................................................................... 5

*Pereira v. U.S. Postal Service,*
  964 F.2d 873 (9th Cir. 1992) ......................................................................................... 6

*Price v. Peerson,*
  2014 WL 12579814 (C.D. Cal. Feb. 12, 2014) ........................................................... 11

*Reyes v. United States,*
  2021 WL 615045 (S.D. Cal. Feb. 16, 2021) .................................................................. 7

*Reynoso v. Prater,*
  2013 WL 5937223 (S.D. Cal. Nov. 4, 2013) ................................................................. 9

*Ruckelshaus v. Sierra Club,*
  463 U.S. 680 (1983) ....................................................................................................... 5

*Rutman Wine Co. v. E. & J. Gallo Winery,*
  829 F.2d 729 (9th Cir. 1987) ......................................................................................... 4

*Savage v. Glendale Union High Sch.,*
  343 F.3d 1036 (9th Cir. 2003) ....................................................................................... 3

*Stringer v. White,*
  2008 WL 344215 (N.D. Cal. Feb. 6, 2008) ................................................................... 6

*F.A.A. v. Cooper,*
  566 U.S. 284 (2012) ..................................................................................................... 12

*Thornhill Publ'g Co. v. General Tel. & Elecs. Corp.,*
  594 F.2d 730 (9th Cir.1979) .......................................................................................... 3

*United States v. Sherwood,*
    312 U.S. 584 (1941) .................................................................................................. 5

*United States v. Walther,*
    652 F.2d 788 (9th Cir. 1981) ..................................................................................... 9

*Vasquez v. Cty. of Los Angeles,*
    594 F. App'x 386 (9th Cir. 2015) ............................................................................... 8

*Xue Lu v. Powell,*
    621 F.3d 944 (9th Cir. 2010) ..................................................................................... 7

**State Cases**

*Austin B. v. Escondido Union Sch. Dist.,*
    149 Cal. App. 4th 860 (2007) ................................................................................. 11

*Bay Area Rapid Transit Dist. v. Super. Ct.,*
    38 Cal. App. 4th 141 (1995) ................................................................................... 10

*Cabesuela v. Browning-Ferris Indus. of Cal., Inc.,*
    68 Cal. App. 4th 101 (1998) ................................................................................... 10

*Jones v. Kmart Corp.,*
    17 Cal. 4th 329 (1998) ....................................................................................... 8, 10

*Shoyoye v. Cnty. of Los Angeles,*
    203 Cal. App. 4th 947 (2012) ................................................................................. 11

# NOTICE OF MOTION FOR PARTIAL DISMISSAL

**Please take notice** that defendant United States of America will bring for hearing a motion for partial dismissal, on August 22, 2022, at 1:30 p.m., before the Honorable James V. Selna, United States District Judge, in courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, CA 92701.

Defendant moves this Court for an order dismissing Plaintiff Heather Blanchard's Bane Act claim for violation of California Civil Code section 52.1 under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and the request for punitive damages and attorney's fees under the Bane Act. Defendant also moves to strike the demand for a jury trial and dismiss the Doe defendants. This motion is based on the concurrently filed memorandum of points and authorities and on such other grounds as may be advanced in the future.

This motion is made following the pre-filing conference required by Local Rule 7-3, which was initiated on May 10, 2022 and continued on June 3, 2022.

Dated: June 9, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division

/s/ *Sarah Quist*
PAUL LA SCALA
SARAH QUIST
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

v

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The claims against the United States arise under the Federal Tort Claims Act ("FTCA") from an incident on December 7, 2018 in and near the United States Post Office located at 7101 South Central Avenue in Los Angeles. The incident involved Mr. Joseph Alan Wear ("Mr. Wear" or "Decedent"), United States Post Office Police Officers ("USPS"), Los Angeles Police Department Officers ("LAPD") and Los Angeles County Sheriff's Department Deputies ("LASD"), who all responded to Mr. Wear's undisputed delusional and agitated state and actions against a baby carriage, passing vehicles, and motorists. (*Blanchard v. United States*, 21-CV-0937-JVS-DFMx (*Blanchard II*), ECF 1, Complaint ("Compl.") at 5.) Civilians tackled and held Mr. Wear until officers took over. (*Id.*) Mr. Wear later passed away. (*Id.*) Among other causes of action, Plaintiff Blanchard alleges a claim against the United States under California Civil Code section 52.1, known as the Bane Act.

Plaintiff Blanchard's claim under the Bane Act is barred by the United States' sovereign immunity. Thus, the Court lacks subject matter jurisdiction over Blanchard's Bane Act claim. First, the FTCA does not waive the United States' sovereign immunity for constitutional torts so, to the extent Blanchard's Bane Act claim is predicated on an alleged constitutional violation, the claim is barred. Second, Blanchard's Bane Act claim falls outside the scope of the FTCA's sovereign immunity waiver to the extent it is based on conduct that would not constitute a tort if it had been committed by a private person. Third, even if the Court had jurisdiction over Blanchard's Bane Act claim, Blanchard fails to state a claim under the Bane Act. Lastly, Blanchard seeks damages under the Bane Act, including treble damages and attorney's fees, but such demands are expressly foreclosed by the FTCA. 28 U.S.C. § 2674 (prohibiting punitive damages); 28 U.S.C. § 2678 (limiting attorney's fees).

As more fully explained below, the United States respectfully requests that the

Court grant this Motion and dismiss Blanchard's Bane Act claim and relief associated with the Bane Act as contained in paragraphs 37-42 of Plaintiffs' Complaint. The Court should also strike the request for a jury and dismiss the Doe defendants.

## II. Background

### A. Mr. Wear tries to assault a baby, vehicles, and motorists and is tackled by civilians.

On December 7, 2018, plaintiff's decedent, Mr. Wear, entered the United States Post Office at 7101 South Central Avenue in Los Angeles, California. (Compl. ¶ 16.) He placed a taser and can of pepper spray on the counter in front of a clerk and stated, "Help, they're after me. I need help. Can I use the phone?". (Compl. ¶ 17.) He then ran out of the post office, climbed a tree and jumped out of it, tried to push a baby carriage into the street, and assaulted passing vehicles, including one or more motorist. (Compl. ¶¶ 18-21.) Civilians tackled Mr. Wear to the street. (Compl. ¶ 22.)

Plaintiff alleges that USPS officers took over trying to restrain Wear. (Compl. ¶ 23.) Sheriff's Deputies saw the USPS officers were having difficulty handcuffing Mr. Wear and assisted in handcuffing him. (*Id.* ¶¶ 25-26.) Plaintiff alleges the restraint of Wear restricted his ability to breathe for several minutes. (*Id.* ¶¶ 27-28.) Plaintiff alleges a civilian who had tackled Mr. Wear told the officers to stop restraining him and the officers responded that their treatment of Mr. Wear was fine. (*Id.* ¶¶ 29-30.) Plaintiff alleges after 10 minutes of the officers holding Mr. Wear down, he had a cardiac arrest. (Compl. ¶ 31.) Mr. Wear was taken to the hospital and later pronounced dead. (*Id.* ¶ 32.)

### B. This action has been consolidated with two other actions.

On December 17, 2019, an action was filed on behalf of decedent's minor child against the County of Los Angeles and Doe defendants stemming from the December 2018 incident. *See Heather Blanchard, as guardian ad litem for her minor child I.C.W., successor-in-interest to Joseph Alan Wear v. County of Los Angeles, et al.*, 19-cv-02438-JVS-DFM ("*Blanchard I*"). Plaintiff has proceeded against the County of Los Angeles

and two County of Los Angeles Sheriff's deputies with eleven causes of action sounding in tort, 42 U.S.C. § 1983, and *Monnell* liability. (*Blanchard I,* ECF 1 at 5-25.)

On March 6, 2020, decedent's mother, Donnelle Wear, filed a related action against the County of Los Angeles and Doe defendants. *Donnelle Wear v. County of Los Angeles, et al.*, 20-cv-00459-JVS-DFM ("Wear"). Donnelle Wear filed a first amended complaint on July 15, 2020, and has proceeded against the County of Los Angeles and two County of Los Angeles Sheriff's deputies. (*Wear*, ECF 20, 42.) On February 16, 2021, the *Blanchard I* and *Wear* cases were consolidated under the lead case, *Blanchard I*. (*Blanchard I*, ECF 53.)

Plaintiff Blanchard filed the instant action on May 21, 2021, which stems from the December 2018 incident, but arises under the Federal Tort Claims Act and Bane Act against the United States and 10 Doe defendants. (*Blanchard II*, ECF 1.) This action was consolidated with the "*Blanchard I*" action on May 10, 2022.

**III. Standards on Motion to Dismiss**

    **A.    Rule 12(b)(1), Lack of Subject Matter Jurisdiction**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). The plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, a Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, fails to allege on its face facts sufficient to establish subject matter jurisdiction. *Savage*, 343 F.3d at 1039 n. 2; *Thornhill Publ'g Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979).

    **B.    Rule 12(b)(6), Failure to State a Claim**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

3

As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), although the pleading standard in Rule 8 does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *District of Columbia v. Heller*, 554 U.S. 570, 662 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, to survive a motion to dismiss:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* Significantly, a pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, nor will a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotations and citations omitted) (alteration in original). In short, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*

## IV. Argument

### A. The Court should dismiss Blanchard's Bane Act claim.

#### 1. <u>The FTCA does not waive the United States' sovereign immunity for constitutional tort claims.</u>

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). It is well settled that "statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27 (1951), and must not be "enlarge[d] . . . beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) (quotations omitted, alteration in original).

4

The FTCA, 28 U.S.C. §§ 1346, 2671-80, is a limited waiver of the United States' sovereign immunity with respect to certain *tort* claims. *Colony First Fed. Sav. & Loan Ass'n v. Fed. Sav. & Loan Ins. Corp.*, 643 F. Supp. 410, 416 (C.D. Cal. 1986) ("The FTCA is a limited waiver of sovereign immunity with respect to claims sounding in tort . . .") Under the FTCA, "the United States simply has not rendered itself liable . . . for *constitutional tort* claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (emphasis added); *Pereira v. U.S. Postal Service*, 964 F.2d 873, 876-77 (9th Cir. 1992) ("[F]ederal courts have no jurisdiction over the United States where claims allege constitutional torts."); *see also Hernandez v. United States*, 939 F.3d 191, 205 (2d Cir. 2019) (the FTCA has not waived the United States' sovereign immunity with respect to the federal constitution or New York Constitution).

Civil rights claims not "sounding in tort" are not cognizable under the FTCA. *See, e.g.*, *Stringer v. White*, No. 07-cv-5516, 2008 WL 344215, at *5 (N.D. Cal. Feb. 6, 2008)(disability discrimination claim "is not a tort and does not fall under the FTCA"); *Dillard v. U.S. Dep't of Justice*, No. 12-cv-3875, 2013 WL 754781, at *3 (N.D. Ala. Feb. 25, 2013) ("The campaign of harassment plaintiff alleges is not a tort suable under the Federal Torts Claim Act, which is limited generally to actions sounding in negligence.")

California's Bane Act prohibits "interfer[ing] by threat, intimidation, or coercion, or attempt[ing] to interfere by threat, intimidation, or coercion, with the exercise or enjoyment …of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1. Here, Blanchard raises a Bane Act claim based on unreasonable force prohibited by California Constitution Article I, Section 13 (right to be free from unreasonable seizure of person / right to be free from unreasonable / excessive force), the Fourth Amendment of the United States Constitution, and as otherwise prohibited by California state law, noting California Penal Code 149 (unreasonable force by officer upon another under color of

5

law). (Compl. ¶ 38.) She alleges the use of unreasonable force, "by use of threats, intimidation, and coercion" interfered with "rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law." (Compl. ¶ 39).

The Bane Act is a civil rights statute, not a tort statute, as its name indicates. *Kent v. Cal. Dep't of Consumer Affairs*, No. 09-cv-2905, 2011 WL 2580382, at *7 (E.D. Cal. June 28, 2011) (Bane Act is a "civil rights statute"); Cal. Civ. Code § 52.1. The conduct prohibited by the Bane Act sounds in constitutional law, not tort. Because the FTCA has not waived the United States' sovereign immunity for constitutional torts, Blanchard's claim under the Bane Act fails. *See Lewis v. Mossbrooks*, 788 F. App'x 455, 460 (9th Cir. 2019) (concluding that the district court lacked jurisdiction over plaintiff's claim under the Bane Act because the "FTCA waiver [did not] extend[] to Bane Act claims deriving from constitutional violations"). It is well settled that the United States is not liable for constitutional tort claims under the FTCA, *see F.D.I.C.*, 510 U.S. at 478, and its progeny, and there is no basis for the Court to allow Blanchard to use the Bane Act as an end run around this prohibition. Furthermore, the penal code section cited by Plaintiff is not a California law that secures a right, and therefore cannot form the basis for a Bane Act claim.

More recently, a few decisions have drawn an artificial distinction between a Bane Act claim based on a federal constitutional violation and one based on a state constitutional or statutory violation in determining subject matter jurisdiction. *See, e.g., Voeltz v. United States,* 5:21-cv-00151-JWH-KK, Dkt. 20 (Apr. 14, 2022) (citing *Xue Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010); *Reyes v. United States*, 2021 WL 615045, at *5 (S.D. Cal. Feb. 16, 2021) (same). These cases are based on a misreading of *Xue Lu* in two respects. First, the defendant in *Xue Lu* did not raise—and the Ninth Circuit did not address—whether the Bane Act claim should be dismissed under F.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The Ninth Circuit's analysis was limited to

6

whether the plaintiff failed to state a claim under Rule 12(b)(6). *See Xue Lu*, at 947 ("the district court entered final judgment against the plaintiffs for failure to state a claim under the FTCA").[1]

Second, the Bane Act claim in *Xue Lu* was based on an alleged federal violation, not a state constitutional or statutory violation. The Ninth Circuit held that the plaintiff alleged sufficient facts to state a claim under the Bane Act based on the defendant's "attempted [] interference with the plaintiff's right to asylum." *Xue Lu*, at 950. As the Ninth Circuit subsequently explained: "Although *Xue Lu* . . . concluded that the FTCA allows Bane Act claims predicated on a violation of a federal statute, *id*. at 950, it did not suggest that the FTCA waiver extends to Bane Act claims deriving from constitutional violations." *Lewis v. Mossbrooks*, 788 F. App'x. at 460.

Accordingly, as statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign, Blanchard's Bane Act claim must be dismissed for lack of subject matter jurisdiction.

        2.      <u>Blanchard's Bane Act claim is also outside the scope of the FTCA because it could not be brought against a private person.</u>

The FTCA waives sovereign immunity only "where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, the United States can be liable for certain tort claims only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Here, the FTCA does not waive the United States' sovereign immunity for the constitutional or statutory claims Plaintiff raises under California's Bane Act because a private person cannot be liable for the violations under the statute. *See Jones v. Kmart*

---

[1] The district court in *Voeltz* also cited to *Plascencia*, 2018 WL 6133713 (C.D. Cal. May 25, 2018). But as in *Xue Lu*, the defendant in *Plascencia* only challenged the state constitutional and statutory bases of the Bane Act claim under Rule 12(b)(6). *See Plascencia*, 2018 WL 6133713 at *12.

7

*Corp.*, 17 Cal. 4th 329, 334 (1998) ("When [plaintiffs] assert that [private] defendants interfered with [their Fourth Amendment rights against unreasonable search and seizure] by directly violating them, they are mistaken: Only the government or its agents can do so. … However rough [the private] defendants' treatment of [the plaintiff] may have been, it did not interfere with his ability to assert his rights under those constitutional guaranties."); *see also Vasquez v. Cty. of Los Angeles,* 594 F. App'x 386, 387 (9th Cir. 2015) (noting that an "excessive force claim under the Bane Act . . . requires state action"); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir.2006) (no private right of action for violation of criminal statutes). Constitutional prohibitions restrict what governmental actors may do, not private actors. "A wrongful search or seizure by a private party does not violate the fourth amendment." *United States v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981). "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991).

Federal courts have therefore held that Bane Act constitutional claims are not cognizable under the FTCA. *See, e.g., Reynoso v. Prater*, No. 13-cv-718, 2013 WL 5937223, at *4 (S.D. Cal. Nov. 4, 2013) (dismissing Bane Act constitutional claims under FTCA because there is no private person analogue for constitutional violations); *Diego Rivera-Cazquez v. Unknown U.S. Customs*, No. 14-cv-2207, 2016 WL 1743379, at *1 (S.D. Cal. May 2, 2016) (dismissing Bane Act constitutional claim because "use of excessive force in violation of constitutional rights is not a tort that a private person can commit" and thus "it cannot be brought under the FTCA"); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); *see also Lewis*, 788 F. App'x at 460 (disallowing Bane Act claim that attempted to "import[] a constitutional violation—the use of excessive force—that could not otherwise be the basis for a claim

8

against a private person"); *Hernandez*, 939 F.3d at 205 (state constitution intended "to govern the rights of citizens *with respect to their government* and not the rights of private individuals against private individuals" (emphasis in original, citation omitted)).

Here, to the extent Blanchard contends the decedent was subjected to an unreasonably invasive or aggressive search,[2] that claim is not within the FTCA's waiver of sovereign immunity because a private party would not be liable for that conduct under California law. As the California Supreme Court has made clear, establishing a claim for violation of the constitutional protections against unreasonable searches and seizures almost invariably requires a showing of state action.[3] Thus, because Blanchard could only maintain his claim under the Bane Act if the individual who interfered with his rights was a state actor, the claim is not one for which "a private person, would be liable." 28 U.S.C. §§ 1346(b), 2674. Accordingly, Blanchard's Bane Act claim is not within the FTCA's waiver of sovereign immunity, and it must be dismissed.

---

[2] Blanchard leaves undefined the "rights secured to him by the Constitution and laws of the United States [or] of the right secured to [him] by the California Constitution [or] otherwise by California law" on which he is basing his Bane Act claim. *See* Compl. ¶ 39. While the Court should dismiss Blanchard's Bane Act claim in its entirety for the reasons stated herein, at a minimum the Court should require Blanchard to allege this claim with more specificity should it survive.

[3] The Supreme Court did provide the following example of when a private party may commit a Bane Act violation by interfering with an individual's constitutional right to be free from unreasonable searches:

> For example, if a burglary victim, suspecting that his stolen property lay hidden in a nearby house, stood at the door with the police and threatened to injure the homeowner if she did not change her mind and consent to an official and warrantless search of her premises, the homeowner might, under section 52.1, be able to sue her neighbor for interfering with her Fourth Amendment rights . . . .

*Jones*, 17 Cal. 4th at 334. This is much different from what Blanchard alleges here.

   3. <u>Even if Blanchard's Bane Act claim was not beyond the Court's jurisdiction, Blanchard has failed to allege sufficient facts to state a claim under that statute.</u>

Even if the Court had subject-matter jurisdiction over the Bane Act claim, the complaint fails to plead a viable claim under the statute. The Bane Act provides that "a person may bring a cause of action in his or her own name and on his or her own behalf against anyone who interferes by threats, intimidation or coercion, with the exercise or enjoyment of any constitutional or statutory right." *Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*, 68 Cal. App. 4th 101, 110 (1998) (quoting *Bay Area Rapid Transit Dist. v. Super. Ct.*, 38 Cal. App. 4th 141, 144 (1995)). To state a claim under the Bane Act, a plaintiff must establish that the defendant either "tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law" through the use of "threats, intimidation or coercion." *Price v. Peerson*, 2014 WL 12579814, at *3 (C.D. Cal. Feb. 12, 2014) (Gutierrez, J.) (quoting *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 833 (2007)). The key element in Bane Act cases is "the element of threat, intimidation, or coercion," *Han v. Cty. of Los Angeles*, 2016 WL 2758241, at *9 (C.D. Cal. May 12, 2016) (quoting *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012)), and stating a claim "requires a showing of coercion independent from the coercion inherent in the wrongful detention [or other tort] itself." *Id.*

  Here, Plaintiff has failed to allege sufficient facts to support that claim. First, Blanchard's allegations do not demonstrate any constitutional or statutory violation. As noted above, Blanchard leaves undefined the specific constitutional or statutory right that she contends was violated. *See* Compl. ¶ 39 (alleging interference with "rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law"). Assuming Blanchard's claim is based on an alleged use of excessive force, that allegation does not support a

10

constitutional violation for the reasons articulated by the California Supreme Court in *Jones*. *See supra* § III.A.2.

Second, even if Blanchard's allegations did demonstrate a violation, she has not alleged the required "threat, intimidation, or coercion." *Han*, 2016 WL 2758241, at *9 (The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention [or other tort] itself) (citation omitted). To the contrary, Plaintiff alleges the officers restrained Mr. Wear after erratic and harmful behavior and informed a citizen that their treatment of Mr. Wear was fine. (Compl. ¶ 30.) Blanchard has not alleged how action by any officer either prevented Mr. Wear from doing something he had a right to do or forced him to do something he was not required to do, beyond the purported constitutional violation. *See Austin B*, 149 Cal. App. 4th at 883; *see also Price*, 2014 WL 12579814 at *3 (holding that plaintiff's mere use of "magic words 'threat,' 'coercion,' and 'intimidation'" was not sufficient to state claim under Bane Act). Thus, Blanchard has not alleged sufficient facts to state a claim under the Bane Act and it should be dismissed.

### B. The Demand for Attorney's Fees and Punitive Damages Should Be Stricken.

It is well settled that, when the United States waives its sovereign immunity, it may impose conditions on that waiver and, when it does, those conditions "must be strictly observed." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981). The scope of any statutory waiver of sovereign immunity must be "clearly discernable from the statutory text" and, if it is unclear, then the court must "take the interpretation most favorable to the Government." *F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012). While waiving the United States' sovereign immunity for certain tort claims, the FTCA limits the damages that may be awarded. For example, the FTCA does not authorize awards of attorney's fees, 28 U.S.C. § 2678, or punitive damages, 28 U.S.C. § 2674. Because the Bane Act allows attorney's fees and treble damages, *see* Compl. ¶ 42, it conflicts with the FTCA.

11

Allowing recovery of attorney's fees or punitive damages would be an improper expansion of the FTCA's limited waiver of sovereign immunity. Moreover, Plaintiff cannot recover fees under California Civil Code § 51.2 because "[a] state statute that permits the recovery of attorneys' fees does not entitle prevailing parties to a fee award against the United States under the FTCA." *Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997). Therefore, the request for attorney's fees and treble damages should be stricken.

### C. Plaintiff is Not Entitled to a Jury Trial Under the FTCA.

The Complaint demands a jury trial. However, an FTCA case "shall be tried by the court without a jury." 28 U.S.C. § 2402. Accordingly, Plaintiff's request for a jury trial should be stricken under Rule 12(b)(6) because she is not entitled to one.

### D. Doe Defendants Should Be Dismissed.

Plaintiff has raised four causes of action against the United States. *See* Compl. at 4-12 (Wrongful Death Against the United States; Cal. Civil Code 52.1 Against the United States; Battery Against the United States; Negligence Against the United States). Plaintiff has named Does 1-10 as defendants in the caption but has not raised any causes of action against any Doe defendants. The only proper parties under the FTCA is the United States. 28 U.S.C. § 1346(b)(1); *Allen v. Veterans Admin.*, 749 F.2d 1386 (9th Cir.1984) ("The Federal Tort Claims Act provides that the United States is the sole party

///

///

12

which may be sued [under the FTCA] for personal injuries arising out of the negligence of its employees."). Accordingly, the Doe defendants should be dismissed.[4]

## V. Conclusion

The United States' motion for partial dismissal should be granted.

Dated: June 9, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division

/s/ *Sarah Quist*
PAUL LA SCALA
SARAH QUIST
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

---

[4] Defendant understands that Plaintiff does not oppose striking the jury trial request, dismissing the Doe defendants, and dismissing the federal constitutional basis for the Bane Act claim.

13